## Cole *versus* Sprowl.

It is no valid objection to a plaintiff's right to recover, that, by the declaration of his writ, he claimed more than he has proved, or more than he could rightfully demand, or that he has presented his claim on different grounds in different counts.

Although a public nuisance is to be prosecuted for by the public, yet if it have occasioned to an individual any special damage, not common to others, he may maintain a suit for the injury.

If one grant a right of passage in an existing road over his own land, and the limits of the road are not defined in the grant, its locality, as established and traveled prior to the grant, may be proved by parole.

The existence of a pile of lumber upon a particular spot, at the time of such grant, does not necessarily determine that the road had not previously been established over that spot.

An owner of land may, by his acts *or* declarations, without deed, dedicate it to the public for a road or way.

To give effect to such a dedication, no particular ceremony is requisite in the making of it; nor does the law prescribe any particular length of user by the public.

A valid dedication involves the actual appropriation and use of the land by the public, with the voluntary assent of the owner, and a concession of such of his rights as are incident and necessary to the use.

Such dedication may be inferred from facts and circumstances, and so may the assent of the owner of the land, and the acceptance by the public.

By such a dedication, the owner is estopped to reclaim the land, to the injury of those who have, in good faith, acquired rights in reference to it, dependent upon its enjoyment.

If, by a grant of land, bounded on a road, there is conveyed a right of passage upon such road, it is not a rule of law to be laid down by the Court, that the grantee can use the way for no other purposes than it had been used for by the grantor.

For obstructing the plaintiff's right of way or for unlawfully excluding the light from his doors and windows, the damages are to be assessed, not to the time of the trial, but to the date of the writ.

On Report from *Nisi Prius*, Shepley, C. J., presiding.

Case, for erecting a mechanic shop, so near to the plaintiff's ancient messuage as to obstruct its doors and lights, thereby reducing its rentable value; and also for obstructing a way, to which the plaintiff was entitled, for teams and carts, upon the south side of said messuage. The declaration contained two counts.

The following chalk sketch will sufficiently exhibit the localities.

Until 1841, all the lands in question were owned by William Sprowl. On March 10th of that year, he sold the lot **B**, fronting upon the west side of South street, extending from Kennedy's corner, forty-five feet, "to a road leading toward the wharf;" thence running south seventy degrees west, fifty-five feet, to an oak tree, thence south eighty-seven degrees west, &c. back to the first bound.

Its north bound on the street is the Kennedy corner, and the south line is at the stone post.

Upon this lot the plaintiff erected a large brick store, called in the declaration his ancient messuage.

The lot A, called the "open space," is owned by the defendant, having come to him by devise from William Sprowl. It was upon this lot, owned by himself, that the defendant built the mechanics' shop complained of. The shop came within three and a half feet from the plaintiff's store.

The plaintiff claims 1st, that by the operation of the deed from William Sprowl, extending the lot " to the road leading toward the wharf," he became entitled to a right of way in that road, and that the defendant, by erecting the shop upon it, invaded that right ; —

2d, that there had been a dedication of the road to the public, and that the erection of the shop was a violation of right, and injurious to the plaintiff.

There was testimony to prove, and also to disprove, that a road running along on lot A, from South street, toward the wharf, had been used and traveled ; that the road had passed over the whole of the open space, lot A, between the plaintiff's line and the Ludwig house, except the distance of 18 to 25 feet next to said house ; that for some distance toward the wharf the road had been limited to from 9 to 12 feet.   There was testimony tending to prove, that all the lot A had long been used for a landing connected with the wharf, and that wood and lumber were piled upon it in places during all seasons of the year, for which the owner received wharfage and landage ; also, to prove that the land, on which the shop stands, was covered with wood piled there when William Sprowl conveyed in 1841, the piles extending nearly to South street ; also testimony tending to prove, and to disprove, that the defendant, and the former owner of lot A, had, by their acts and declarations, dedicated the land to the public as a way or road.

The defendant contended that the deed, under which the plaintiff holds, did not, by any implication, convey any right of way by using the words, " to a road," especially because, not an inch beyond that one point of contact, the stone post, was the road made the boundary of the lot conveyed.

The defendant also contended that the open space was a landing connected with his wharf and making part of the wharf lot, for the piling of wood, bark, timber and other articles designed to be taken to vessels lying at the wharf, and that he received pay for the use as a landing place ; that the space not occupied by the piles was a mere private way

for the accommodation of his landing place and wharf, whereby he made a profit to himself, and was not a public *road* or thoroughfare.

The defendant also contended, that if the plaintiff, under the deed from William Sprowl, took any right of way in the *wharf road*, it was the road as used when that deed was given ; but if not so, still the plaintiff could not prescribe in what direction it should run, after starting from the stone post, for the deed did not bound him by the road, but by a specific course, which might or might not coincide with the road ; and that, as there always, to this hour, has been a sufficient road kept open, starting from the stone post, passing south of the shop, the plaintiff cannot complain that the shop infringed his right of way.

Several requests were made for instructions to the jury, among which the 2d, 3d, 4th, 6th, 8th and 10th were as follows ; viz : —

2, *that* the word " *to*" in the deed is a word of *exclusion*, unless by necessary implication it was used in a different sense ; *that* the terms found in a deed are to be construed in reference to the apparent purpose for which they were employed ; *that*, in this case, the words " 45 feet to a road leading towards the wharf," being used for the purpose of *description* of the lot, the word " *road*" is employed as a monument, and the terms " *to a road*" are regarded terms of exclusion and so nothing passed, but what is included within the boundaries expressed in the deed ; *that* this construction is particularly applicable here, provided the jury find that the road leading towards the wharf was not adjoining or contiguous to the southern line of the plaintiff's lot, but distant therefrom, after leaving the stone post, so that the second course in Sprowl's deed did not bound the south side of plaintiff's lot by said road ; and *that* under this legal construction, and such a finding, this plaintiff would have no cause of action against the defendant, for placing a building on his own land, west from the stone post, and south of the line from the post to the oak tree.

In support of the doctrine of this request, the counsel cited 17 Mass. 447 ; 14 Mass. 55 ; 13 Maine, 201 ; 11 Pick. 193. He also urged that the case at bar was distinguishable from those of *Van O'Linda* v. *Lothrop*, 21 Pick. 292, and *Sutherland* v. *Jackson*, 32 Maine, 80, because in those cases the parties were bounded by streets in one case and by the plan of a street in the other ; there being in this case neither of such boundaries.

3, that the plaintiff's right to a road over the defendant's land accrues to him, if at all, by way of estoppel, the defendant being estopped by the terms of the deed *"to a road"* to deny the existence of a road *there;* but *that* estoppels are construed strictly, and never enlarged or extended by implication ; and *that,* inasmuch as the deed, at most, calls for a road only at the *end* of the first line, (at the stone post,) if the jury find that there existed, at the time complained of in the plaintiff's writ, at *that place,* the same road leading towards the wharf, unobstructed by the defendant, then the demand of the estoppel was satisfied, and Cole could claim no more. 4 Kent's Comm. 261, and notes.

4, that the word *road* in the deed denotes simply a right of way over the grantor's other lands. A right to pass and repass over it for the same purposes for which it was used by the grantor at the time of the conveyance ; *that* the language, *" to a road leading towards the wharf,"* sufficiently indicates that it was a wharf road, and such a wharf road as existed at the time of the conveyance, but *that* it is left for the jury to find the width, character and uses of the road, and its actual location upon the surface of the earth, after leaving the stone post ; *that* if the jury find that " the road leading towards the wharf," at the time of the conveyance of 1841, was a well known road, well defined and clearly marked on the surface of the earth, that in leaving South street it proceeded from the place of the stone post, by a southerly sloping direction, passing wholly to the south of the place of the defendant's shop, towards the wharf, and that the shop is not in said road or any part of it ; and *that* the same road, over the same general

locality, has been continued substantially as at the time of the conveyances, repaired and amended from time to time, as necessity and convenience required, and is as easy of access, as safe, suitable and convenient to pass and repass as it was then, this action for the obstruction, by defendant's shop, of *"the road leading towards the wharf"* cannot be maintained. *Atkins* v. *Boardman & als.* 2 Metc. 457; *same parties*, 20 Pick. 291; *Boynton* v. *Rees*, 8 Pick. 329; *Pierre* v. *Fernald*, 26 Maine, 436.

6, *that,* if "the road leading towards the wharf" was not, at the time of the conveyance, adjoining or contiguous to the south line of the plaintiff's lot, from the stone post to the "oak tree," but on leaving the point of the stone post, the road diverged to the south and distant from said south line, the deed would not confer on the plaintiff "the right" to pass and repass with teams and carts of the plaintiff, on and around the south side of the plaintiff's brick building as alleged in his writ.

8, *that* the right claimed by the plaintiff cannot have been acquired by dedication, unless it has been proved by evidence of *acts* on the part of the owner of the soil, that defendant, or Wm. Sprowl, understandingly and intentionally dedicated such right of way; and *that* evidence of a dedication may be rebutted by other acts on the part of defendant or Wm. Sprowl, indicating, that they only intended to permit persons to pass *there*, over their land, when not occupied for other purposes, and not to dedicate a right of way to the public; and *that* the use and occupancy, by themselves, of the land, or by others under them, for a compensation, by covering it with piles of wood and plank, and continuing the same for long periods of time, occupying at their pleasure, and for their own convenience, would be acts going to rebut and disprove a dedication to the public, or to the plaintiff and those under whom he claims.

10, *that* the question is *not* how *wide* the jury might think it best and most convenient to have a road, but their inquiry should be what was in fact the width of this road opposite

the plaintiff's lot at the time of the conveyance of *March* 10, 1841, and *that* the defendant is not required to furnish a wider road than the one existing and in general use at and about the time of that conveyance.

These requested instructions were refused.

The defendant then further requested instruction to the jury, *that*, to constitute a *dedication*, it is necessary, not only to show by acts and declarations the intention of the owner to give up his lands to public use, but there must have been an acceptance of the dedication by the public; and *that* the dedication and acceptance must have been before March 10, 1841, or before the shop was put on the land.

This instruction was given by the Judge, with the differ-ence, that he used the words acts *or* declarations instead of acts *and* declarations, and also added that an acceptance by the public might be inferred from the public use of the land for a road or way.

In support of the defendant's views upon the matter of dedication, he cited the following authorities. — 3 Kent's Com. 7th Ed. p. 450–3, title Easements, and notes and cases cited in the notes; *Post* v. *Pearsall*, 22 Wend. 425, 482; *Pearsall* v. *Post*, 20 Wend. 119; *The matter of the thirty-second street*, 19 Wend. 128; 2 Greenl. Ev. p. 622–3–4–5, § 662 and 664, and authorities cited n note 1 on page 623, and in note 1 on page 625; *Hobbs* v. *Lowell*, 19 Pick. 405–6; *Larned* v. *Larned*, 11 Metc. 421, [usually cited as opposed to defendant's doctrine, — it is not so;] *Munsen* v. *Hungerford*, 6 Barb. 265, 272 and 3; *Wright* v. *Tukey*, 3 Cush. 290.

The jury were instructed, *that* the plaintiff, by a correct construction of the conveyances under which he claimed title, was bounded upon a road at the corner of his lot upon South street adjoining the open land; *that* the road referred to in those conveyances must be considered as commencing on South street, there adjoining the plaintiff's land; *that* the road from that point towards the wharf was not determined by those conveyances or by the law, but was to be defined and established by the testimony; *that* they would, from the

Cole *v.* Sprowl.

testimony, ascertain and determine where the road referred to in the conveyances had been used and established before those conveyances were made ; *that* if they should be satisfied, that the place where the defendant's building has been erected, was covered by wood piled upon it at the time of the conveyance, dated March 10, 1841, that fact would not necessarily determine, that the road had not before that time been established there, and been encumbered by the wood ; *that* owners of land might dedicate it by their acts or declarations to the public use for a way or road ; *that* it was not necessary that it should have been used as a road for any particular time to make it an effectual dedication, if satisfied that it was the intention of the owners to make such an appropriation of the land, and that they had done it, and that it had been commonly used for that purpose. There were other instructions, not presented in the Judge's report or necessary to be here considered.

The verdict was for the plaintiff, and is to be set aside, and a new trial granted, " if the *reported instructions or refusals to instruct were erroneous.*"

The plaintiff claimed that the recovery should embrace the damage he had sustained up to the *time of the trial.* The Judge instructed the jury that, if the verdict should be for the plaintiff, it should only embrace the damage sustained up to *the date of the writ.* The verdict was for the plaintiff, the damage being assessed at $53. To this instruction the plaintiff excepted.

*Ruggles*, for the plaintiff.

*Lowell*, for the defendant.

HOWARD, J. — The existence of " a road leading towards the wharf " was not directly denied ; but the particular location and boundaries of such road, whether it was contiguous to the land of the plaintiff, or so distant from it that the defendant's land intervened ; and whether the defendant and the former owner of the land had by their acts and declarations dedicated the land to the public as a way or road, were

all matters contested at the trial, and submitted to the jury upon instructions which, in part at least, were not objected to by the defendant. We can pass upon those instructions only, which are stated in the report, and if in giving or refusing any of these there is error, then there is to be a new trial.

It is no valid objection to the plaintiff's right to recover, that he claimed more than he proved, or more than he could legally demand, or that he presented his claim on different grounds in different counts in his declaration. Substantially, he claimed damages of the defendant for his constructing a shop upon the road, before mentioned, so near to the plaintiff's brick store standing upon his own land, as to deprive him of the use of the road and store. There can be no doubt of his right to recover, if the facts were proved as stated in his declaration; for the shop would constitute an invasion of his rights, causing special damages to him, not common to others, for which an action would lie; although, as an obstruction to a public way, it might also be a public nuisance. Coke Litt. 56, a; *Williams' case,* 5 Coke, 73; 3 Bla. Com. 219; *Sutherland* v. *Jackson,* 32 Maine, 80.

The instructions given embracing the construction of the conveyances under which the plaintiff claims, respecting the boundary of his land at the corner of South street, by the road leading to the wharf, and the directions to the jury to ascertain and determine from the testimony where the road referred to had been used and established, before the conveyances, appear to have been required, and they were manifestly correct. The fact that wood was piled upon the place where the defendant's shop has been erected, at the time when the conveyance from William Sprowl was made, did not necessarily determine, that the road had not previously been established there. The wood might have then encumbered the road temporarily, without serving to mark its course or bounds. The instructions on this point were unexceptionable.

Dedications of land by the owner for highways and pub-

lic purposes, generally or specially, without deed or writing, are familiar to the common law of England. The doctrine is founded upon general principles that adapt it to the common law as adopted in this country. It involves the actual appropriation and use of the land, by the public, with the voluntary assent of the owner, and a concession of such of his rights as are incident and necessary to the use. It assumes the fact of dedication, and the acceptance and use by the public, for the purposes for which it was made. When a dedication has been established its continuance will be presumed until the contrary is shown. By thus appropriating his soil, the owner will be estopped to reclaim it, or revoke the dedication, to the injury of those who have acquired rights in reference to it, in good faith, depending upon its enjoyment. *Rex* v. *Lloyd,* 1 Camp. 260; *Lade* v. *Shepherd,* 2 Strange, 1004; *Stafford* v. *Coyney,* 7 Barn. & Cress. 257.

No particular ceremony is required to make a dedication, nor is any time prescribed by law, as essential to securing the enjoyment. Dedications of land may be presumed from facts and circumstances proved; and so may the assent of the owner of the land, and the acceptance by the public. *Jarvis* v. *Dean,* 3 Bingh. 447; *Rex* v. *Barr,* 4 Camp. 16. In *Cincinnati* v. *White,* 6 Peters, 431, the doctrine of dedication was examined by Mr. Justice Thompson, and treated as not a novel doctrine in the common law in this country. *Hobbs* v. *Lowell,* 19 Pick. 405; *Wright* v. *Tukey,* 3 Cush. 290; *Pearsall* v. *Post,* 20 Wend. 111; S. C. 22 Wend. 425; *Dwinel* v. *Barnard,* 28 Maine, 564.

The instruction, "that the owners of the land might dedicate it by their acts or declarations to the public use for a way or road," is not objectionable. It is not essential that the *act* of dedication should be proved, but the *fact* must be established by competent evidence. The declarations, as well as the acts of the owner, may be evidence of the fact, and the best evidence of his intention to make the appropriation of his land to public use.

The first request is not stated; the second asks for instruc-

Cole *v.* Sprowl.

tions on an abstract proposition, not apparently applicable to the case. For, whether the "words *to*, *from*, or *by*, in a deed," are terms of exclusion or not, does not seem to have been material to the issues presented. Whether the shop was constructed on the "road leading towards the wharf," so as to cause the particular damages claimed, or upon the defendant's land not covered by the road, were questions of fact, which might be resolved in the same manner, upon the evidence, whether the road was wholly or partially excluded from the premises conveyed by the deed of William Sprowl; and whether the premises were bounded by the road to a greater or less extent. The jury had received sufficient instructions to enable them to ascertain and determine the direction and location of the road, and the bounds of the premises conveyed, whether on or near to it, and the denial of this request was not erroneous.

The third request assumes that the plaintiff's right to the road referred to, accrued to him by way of estoppel, only, and that if the road was unobstructed at a particular point, at the time of the alleged obstruction, then the action could not be maintained. But the Court could not have instructed the jury as a matter of law, that the plaintiff's right thus accrued, or that the road did not lie contiguous to the whole length of his lot on the southern side, at the date of the conveyance of William Sprowl, under whom the parties now claim. If the road as established before that time, was then contiguous, it could not have been changed afterwards, but by competent authority. Neither the grantor nor the defendant was competent to alter the location, or to limit the estoppel by change or substitution, after the conveyance.

The fourth request was properly refused. The presiding Judge could not have stated, that the word *road* as used in the deed of Sprowl denoted only a right of way over his other lands, " for the same purposes for which it was used by the grantor at the time of the conveyance," without assuming the province of the jury. Nor could he have instructed them that the language of the deed by legal construction

sufficiently indicated that "a road leading towards the wharf," was a "*wharf road*," if such a road has any peculiar properties or uses, as the request seems to indicate. The language would be alike applicable to a private way, a town way, or a public highway. The last paragraphs of this request embrace propositions already sufficiently noticed.

The fifth request is not stated in the report; and the sixth embraces points upon which sufficient instructions were given. It does not appear that the doctrines of prescription, or rights acquired by adverse possession or use, were applicable, or material, as the case was presented to the jury.

The seventh request was granted, and the jury were instructed accordingly, "that a right to pass and repass over the defendant's open land around the south side, and west end of the plaintiff's brick building, as alleged in his writ, could not have been acquired by dedication."

The response to the eighth request in the instructions given on the subject of dedication was sufficient, and is satisfactory. The ninth request is omitted in the report, and the tenth was answered by the instructions previously given.

The plaintiff could recover damages to the date of his writ only, in accordance with his claim, and the instructions given, and his exceptions must be overruled.

*Judgment on the verdict.*

TENNEY, RICE and APPLETON, J. J., concurred.