Daniels v. People.

JEROME DANIELS, Plaintiff in Error, *v.* THE PEOPLE, Defendants in Error.

ERROR TO BUREAU.

The public may acquire the right to the use of land as a highway, by dedication, by use in the nature of prescription, or by condemnation, and the use of it, and the repairing of it by the public authorities establishes the existence of the road.

The use of land for a highway, for the period of twenty years, is sufficient to establish the existence of the highway.

The fact of dedication, upon a conflict of testimony, is left for the jury, and their finding will not usually be disturbed.

THIS case was an indictment against the plaintiff in error for obstructing a public highway, leading from Princeton to Green River, in said county, on the 11th May, 1857.   The defendant was convicted at the April term, 1858, of the Circuit Court of said county, BALLOU, Judge, presiding, to reverse which judgment this writ of error is prosecuted.

On the trial of the cause, the People introduced proof tending to show that a road was surveyed and staked out at the place obstructed, running westerly from Princeton to Green River, in said county, in 1844: also proof tending to show that said road, at that place, had been traveled since that time until

the same was obstructed by the defendant in the spring of 1857, and that said alleged road has been worked and recognized by the proper road authorities as a road, ever since 1844, until the spring of 1857: also, proof tending to show that said road had been traveled, at the place in question, for more than twenty years prior to the time of obstructing the same, as charged in the indictment: and, also, proof tending to show that a road had been dedicated to the public by the owners of the land, at the place in question; and the defendant introduced evidence tending to prove that said road was not so traveled, and that there was no such dedication. The defendant then introduced the county clerk of said county, and asked him if he had searched the records of his office, and whether he could find any record of a road leading from Princeton to Green River, in said county, or of any other road where the obstructions were proved to have been placed by the defendant; and he replied that he had so searched, and could find no record of any road at the place where said obstructions were, but stated that he found the orders of the County Commissioners' Court, showing the location of a road at a point a little distant from the place of obstruction. These orders and a plat were offered in evidence.

The defendant moved the court to exclude from the jury the said orders, report and plat, and each of them, which the court refused to do, but permitted the same to go to the jury, and the defendant excepted.

The defendant then introduced the county surveyor of said county, and other proof tending to show that the road described in said report, according to the minutes and survey in said report, did not go to the place where the obstructions were placed and maintained by the defendant, but went some distance south of such place; and the prosecution introduced evidence tending to prove that the road platted, in case it ended at Allen's field, as mentioned in the plat, would pass over the place obstructed, and the defendant introduced evidence tending to show to the contrary.

The court then gave the following instructions to the jury on behalf of the People:

1st. If the jury believe, from the evidence, that a public road has been used by the public over the place of obstruction in question, for twenty years without interruptions, and that the owners of the land acquiesced therein, the law presumes a dedication of the ground upon which the road runs, to the use of the public, for such purpose.

2nd. If the jury believe, from the evidence, that a public road was laid out over the place in question in 1844, that it was used by the public as such until the spring of 1857, that during

Daniels *v.* People.

said time it was worked and kept in repair by the proper public authorities, and that the owner or owners of the land assented to such use and keeping in repair, then it is a legal highway, and the jury may infer the assent of the owner or owners of the land from their acquiescence, if they did acquiesce.

3rd. If the jury believe, from the evidence, that a public road was laid out over the place of obstruction in question, that it was used and traveled by the public as such, and that it was recognized and kept in repair as such by the public authorities, then proof of these facts furnishes a legal presumption, liable to be rebutted, that such road is a public highway.

4th. If the prosecution has, by such proof as is mentioned in the 3rd instruction, raised the legal presumption therein mentioned, then if such presumption is not rebutted, a highway is proved.

Defendant's qualification to People's 3rd and 4th instructions : That if the jury believe that the acts and proceedings in laying out such road, introduced in evidence to the jury, are invalid and void, that then such presumption has been rebutted.

5th. If there is any discrepancy between the courses and distances, and the monuments mentioned in the survey of the road in question, the monuments must control.

To the giving of each of which, the defendant then and there objected, but the court overruled his objections and read said instructions to the jury, and the defendant excepted.

The defendant, before said foregoing 5th instruction was read to the jury, asked the court to give the following qualification to it :

"That a monument whose location cannot be determined by the field notes, cannot control field notes in the report, as the location of the road must be determined from the report and surveys, and not by anything outside of the report and survey."

Which the court refused to do, and the defendant excepted.

The defendant further asked the court to give the following instructions to the jury :

3. "That if a road has been used and traveled, and used by the public as a highway, and is recognized and kept in repair as such, by the proper authorities, proof of these facts furnish a legal presumption that such road is a public highway, but it is only a presumption, and is subject to be rebutted, and if it is shown that there is no legal record of such road, then the presumption that such highway is a laid out road, under the laws of this State, has been rebutted; unless it have been proved that such road was laid out by the proper legal authorities, prior to the date of an act entitled ' An Act concerning Public Roads,' approved February 20, 1841."

11. " That the field notes and plat of the laying out of the road in contention, must govern as to the location of said road, and if the place where the same was obstructed by the said defendant, was not within the bounds of said road as designated by the plat and field notes, then the said defendant is not guilty of obstructing said laid out highway."

13. " That if the jury are satisfied by the evidence of the county surveyor, that the minutes of the laid out road, as they actually read, would not establish such road, where the obstructions were placed, then said defendant is not guilty of obstructing such road, although such obstructions were where said road was surveyed and staked through by the viewers, who laid out such road, as their report and record must govern as to the location of such highway."

Which the court refused to do, and the defendant excepted, and the jury found the defendant guilty, and the defendant moved the court for a new trial in said cause, and the court overruled said motion.

Peters & Farwell, for Plaintiff in Error.

W. Bushnell, for the People.

Walker, J.   The public may acquire the right to use land for a public highway, by dedication, by user in the nature of prescription, or by condemnation in the manner prescribed by the statute.   But whether the right be acquired by one or another of these modes, is immaterial.   Evidence of an express grant or dedication by the owner of the soil, and an acceptance by the public, and its use by travel as a highway, and repairs made by the proper authorities, establishes its existence, and the right of the public to its use.   Starkie, in his work on evidence, vol. 2, p. 665, says, " Evidence to prove a public highway, consists, usually in showing that the public have used and enjoyed the road ; and their actual occupation of it without interruption, for a considerable space of time, affords a strong presumption of a right to use it, and a much shorter possession will suffice to indicate a right in the public, than to show that a private person has a title to the estate of which he is possessed."   Actual adverse open and uninterrupted possession of land by a person, claiming title for the period of twenty years, confers the right to hold and enjoy the possession, against the true owner.   Then it follows that a user by the public of a road, as a public highway, for that period, is abundantly sufficient to create the right.   In this case, there was evidence of use of this road by the public,

for the period of over twenty years, and the jury were justified by the evidence, in finding that it was a public highway.

Again, there was evidence tending to establish a dedication of the road to the public, by the owner, and although there may have been conflicting testimony, yet it was the province of the jury to reconcile it, if they could, and if unable to do so, then to give weight to that portion of it which they believed to be entitled to credit. They have in this case given the weight to that, tending to establish the dedication, and in doing so, they were justified by the evidence, and we see no reason for disturbing their verdict.

We think the evidence fully justified the finding of the jury, either upon a user, or a dedication, and that the court below did right in sustaining the verdict.

No error is perceived, either to the giving or refusing the instructions in the case, and no error appearing in the record, the judgment of the Circuit Court is affirmed.

*Judgment affirmed.*