JOHN W. LEECH, Plaintiff in Error, *v.* JOHN WAUGH, who sued for the use of himself and the County of Putnam, Defendant in Error.

ERROR TO PUTNAM.

A party is not liable as a matter of course to the highest penalty imposed for obstructing a highway, and it is erroneous so to charge a jury.

A street of an unincorporated town or village, when dedicated, is a public highway, and any person obstructing it, will be liable to the statutory penalty. Otherwise if it is incorporated, as then the streets are vested in the town, and are subject to the corporate authorities.

The owner of lots abutting on only one side of a street, cannot vacate it.

THIS was an action brought before a justice of the peace, of Putnam county, under the 16th section of the Road Law, Revised Statutes, page 482.

In the court below, the appellee recovered a judgment for ten dollars, and the appellant brings the case to this court.

The bill of exceptions sets out that on the trial of this cause in the Circuit Court, before the court and a jury, the plaintiff's claim or account was stated as follows:

" For penalty given by statute for obstructing a public road running through the town of Florid, in Putnam county, on Main street, in said town, $10. For suffering such obstruction to remain, after being legally notified to remove the same, for the space of thirty days, $90."

T. DENT, and T. L. DICKEY, for Plaintiff in Error.

T. M. SHAW, and PETERS & FARWELL, for Defendant in Error.

WALKER, J.    The sixteenth section of the statute regulating highways, (Scates' Comp. 562,) imposes a penalty of not exceeding ten dollars, upon any person who shall obstruct any public road, and a sum of not exceeding three for every day he shall permit the obstruction to remain, after being ordered to remove the same. The thirty-ninth section of the same act gives the right of recovery of such penalties before a justice of the peace. On the trial of the cause below, the court instructed the jury for the defendant in error, that if they found the plaintiff in error guilty, they should assess the fine at ten dollars. This instruction was manifestly wrong, as the statute has only fixed the maximum of the penalty at that sum, and has fixed no minimum. It leaves the assessment of the fine discretionary, at any sum less than ten dollars. It was the province of the jury to fix the amount of the fine, and the court had no power to control its assessment, or to instruct as to the amount the jury should assess. It was the duty of the court to instruct the jury, that if they found the defendant below guilty, that they should then assess a fine of not exceeding ten dollars. This instruction was erroneous, and must have controled the jury in assessing the amount of the fine, and should have been refused, or modified before it was given.

It was also urged that the third and fourth instructions asked by and given for the prosecution were erroneous. And as the cause must be remanded for further proceedings, it will be proper to comment upon their accuracy. They assert that a street in a town or village may be dedicated to the use of the public by laying out and platting the town, or by the public use of it as a public highway, and by its being repaired by the proper officers, or by the owner selling lots abutting upon such street, and when thus dedicated, that it becomes a public

highway, and any person by obstructing it will become liable to the penalty. If a town or village be unincorporated, there can be no doubt that all of its streets and alleys used and recognized by the public as such, are highways, and are in all respects to be protected from obstruction in the same manner as other public roads. But when the town or village is incorporated, it is otherwise, as the law has vested the title in the town, and has fully vested the corporate authorities with their control, and given them ample power to protect the public in their enjoyment. In this case the record fails to disclose the fact, whether this town was incorporated or not, and in the absence of such proof, the presumption is that it was not, and that the instructions were properly given.

It is likewise objected, that the court erred in refusing to permit the plaintiffs in error to read in evidence, the judgment, execution and sheriff's deed to the premises adjoining the street in question, as the foundation for the introduction of evidence of a vacation of so much of the plat of White's addition as lay south of the road located in 1849. Even if this evidence had been admitted, we do not perceive that it would constitute any defense to this action. It cannot be the law, that a person owning lots on one side of a street only, can, by vacating the town plat as to them, deprive the owners of lots on the opposite side of the street, of their right to its use and enjoyment, or even deprive the public of its use as a highway. If an individual owned all the lots adjoining the street, he might so vacate the plat as to abolish the street, unless the public, by user, had acquired the right to enjoy it as a highway, but the owner of adjoining lots on one side of a street has no such power. The statute authorizes the vacation of a town plat before a sale of any of the lots has taken place, but not afterwards. When others become the owners of lots within the addition, they are by that means invested with the right to enjoy the use of its streets and alleys, as an incident to their property, and cannot be deprived of it in this mode. The record fails to show that no lots had been sold in the addition, or that it was proposed to make any such proof, and, any evidence of an effort to vacate the plat was properly rejected.

But for the error above indicated, the judgment of the court below must be reversed, and the cause remanded.

*Judgment reversed.*