MANDERSCHID v. THE CITY OF DUBUQUE.

## I. PER CURIAM.

1. **Highway:** DEDICATION: ACCEPTANCE BY THE PUBLIC. In order to establish a highway by dedication, as against the public, where damages are sought on account of defects therein, it is necessary to show, not only that which in law will amount to a dedication on the part of the owner of the soil, but also the acceptance of the highway, as such, by the public.

2. —— WHAT WILL AMOUNT TO DEDICATION BY OWNER. Dedication by the owner may be established by any act or acts on his part indicating a clear intention to dedicate the land for use as a public highway.

3. —— CIRCUMSTANCES FROM WHICH DEDICATION MAY BE PRESUMED. It seems that dedication on the part of the owner of the soil may be presumed or established by the following circumstances :

    1. Continued and uninterrupted use on the part of the public for a period equal to the time fixed for the limitation of real actions.

    2. Acts of the owner of the land implying his assent to its use as a highway, and indicating an *animus dedicandi*, without regard to the period of such use.

4. —— CONSTRUCTION OF STREET BY OWNER. The construction by the owner of lands in a city of a street over them, the erection of necessary bridges for the public travel, and throwing them open to the public use, manifest a clear desire to dedicate.

Manderschid v. City of Dubuque.

5. —— WHAT AMOUNTS TO ACCEPTANCE BY THE PUBLIC. Acceptance by the public of a highway resting on dedication may be proved, in a case against the public authorities growing out of neglect to repair, by the same character of evidence that is sufficient to establish it in a case where the citizen is charged with obstructing a highway, or the owner is required to surrender his land under an alleged dedication to the public use.

6. —— It is accordingly held, that acceptance may be sufficiently shown by public use of the road as a highway, and work done thereon by the proper authorities to repair the same.

7. —— The circumstances which have been held sufficient to justify the inference of acceptance by the public in the different states, instanced, and the authorities collated by BECK, J.

8. ——EFFECT OF SUBSEQUENT REPAIRS. In an action for damages on account of injuries received in consequence of the neglect of the public authorities to repair a highway resting upon dedication, evidence of repairs by them thereon subsequent to the injury complained of is proper to go to the jury, as a circumstance tending to show a previous recognition and adoption of the street as a highway

9. —— MUNICIPAL CORPORATION: STREETS LEADING FROM CITY. A city is liable for injuries occasioned by a dangerous place in a road leading into or from one of its public streets, and which is in such close proximity thereto as to naturally endanger persons traveling thereon

10. —— As to whether such place is so near a public street as to be dangerous to persons traveling thereon, is a question of fact for the jury.

## II. Per WILLIAMS, J., dissenting.

11. —— The inference of acceptance by the public is not authorized from a dedication of the road by the owner of the soil, and use thereof by the public alone.

12. —— Evidence of repairs subsequent to the date of the injury complained of is not admissible for the purpose of showing, or as tending to show, prior acceptance or adoption of the way by the public.

*Appeal from Dubuque Circuit Court.*

TUESDAY, JUNE 14.

ACTION to recover damages on account of injuries to a horse of plaintiff, sustained through a defective bridge upon one of the streets in the city of Dubuque. The petition avers that the city, under its charter, has the supervision of highways within its limits, and that about the year 1857, it caused sixth street to be extended, near its intersection with Jackson street, eastward toward the Mississippi river. That in making such extension the street was filled up to a grade established by the city, and a bridge constructed over a slough upon said street; that the said extension of Sixth street and the said bridge thereon has been, for the last ten years, a public highway, and kept open and partially repaired by the city; and during the whole of that time was used by the public as a highway; that the city neglected to keep the bridge aforesaid in a safe condition, and negligently allowed it to become out of repair and unsafe: suffering the planking thereon to be broken, and a large hole to remain in the traveled track upon the side bridge, etc.; and that, on account of said defective bridge, plaintiff's horse, in crossing, was injured. The petition particularly states the manner of the occurrence of the accident, which need not be set out here.

The defendant in his answer denies generally the allegations of the petition.

The cause was tried to a jury, and the evidence is preserved in the bill of exceptions. It is only pertinent to the case, as presented to this court, to state the evidence in relation to the character of the street and bridge where the accident occurred, touching the question whether it was a public highway.

The street and bridge called the Sixth street extension was built in 1857, by the Harbor Improvement Company, over their lands, and crossing a slough in the extended line of the street. There is nothing to indicate where the old street terminates or the extension begins, the two making a continuous way. The extension was used for drawing and piling lumber and wood and for hauling the same, and was traveled by teams for that purpose. The bridge was 75 feet long and 20 feet wide, and was, as one witness states, "about a quarter of a mile" from the commencement of the extension.

In 1865, a mill was built on the Harbor Improvement Company's lands, and this extension was the only road to the mill, except in low water, and was traveled by all persons having business at the mill. It was used for no other purpose than for hauling lumber and wood, and for access to the mill. It was not completed much further than the mill. After the accident to the plaintiff's horse, which occurred in January, 1867, the city, at the request of the owner of the saw mill, repaired the bridge, the mill owner furnishing plank for that purpose. In the summer following, (1867) the city again repaired the bridge by putting braces under it, and they also did some filling upon the extension.

The court instructed the jury as follows:

"1. If you find from the evidence that the bridge where the accident is alleged to have happened, was at the time of the accident a part of a public highway of the city of Dubuque, and was out of repair and in a dangerous condition, and that the accident was occasioned by reason of the defect in the bridge, and that such defect was known or might have been known to the city authorities by the exercise of ordinary care, and also that the accident happened without the failure of the plaintiff to

Manderschid v. City of Dubuque.

exercise ordinary care to avoid it, then you should find for the plaintiff.

"2. If the place where the accident happened was no part of a public highway or street, but a private way constructed by a private company for its own use and purposes, and never accepted by the city of Dubuque as a public highway, then you should find for the defendant; unless you should further find that the dangerous place was in such near proximity to a public highway as to be dangerous to persons using the public street, then you should find for the plaintiff. Whether the place was in such proximity to the street, and dangerous, is for you to determine.

"3. If a street with bridges had been constructed and used as a public highway for more than ten years, it would *prima facie* be deemed a public street, with all the rights and responsibilities attaching to such a public use. But this presumption may be rebutted by evidence that it was only intended as a private way.

"4. Acts of the city, such as repairing the bridge in question after the accident had happened, would not alone be sufficient to establish the fact that it was a part of a public highway; but such acts if proved may be considered as items of evidence tending to show that the city recognized the street as a public highway."

To the second, third and fourth instructions the defendant excepted.

After verdict for plaintiff, the defendant moved for a new trial, because the jury were erroneously instructed as to the law by the giving of the foregoing instructions excepted to, and by the refusal to give instructions asked by defendant and because the verdict was contrary to the evidence. The motion was overruled and judgment rendered upon the verdict. Defendant appeals.

[This cause has before been in this court.   See 25 Iowa, 108.]

*E. McCeney* for the appellant.

*S. P. Adams* and *W. Chandler* for the appellee.

BECK, J. — The questions, both of law and fact, arising in this case, relate to the character of the Sixth street extension ; whether in contemplation of law it was, at the time of the injury complained of, a highway.   It is not denied, that, if it in fact was a highway, defendant is liable in this action, and that the verdict and judgment should be sustained.   To these questions alone is our attention directed by the argument of the counsel of the parties, and no others will be considered.

There is no evidence contained in the record tending to show that the street extension in question had been established as a highway under authority of legislative enactment — that it was a highway under any statutory law of the state.   If a highway at all, it is such by dedication of the owner of the soil and acceptance by the city, and this is the main point to be determined in the case.

I. In order to sustain a highway by dedication it is necessary to show, not only that which in law will amount

**1. HIGHWAY:** to a dedication on the part of the owner of **dedication:** the soil, but also the acceptance of the high- **acceptance by the public.** way as dedicated by the public.   This is especially necessary when the municipality or other body burdened with the duty of keeping it in repair is charged with negligence of that duty, and damages are sought to be recovered therefor.

We will first inquire what will sufficiently establish in law the dedication of land for a highway by the owner

Manderschid v. City of Dubuque.

**2. —— what will amount to dedication by owner.** of the soil. No particular form need be pursued by the owner in order to dedicate the land for the purpose of a highway. Any act indicating a clear intention to dedicate is sufficient. The intention of the owner to set apart the lands for the use of the public as a highway—the *animus dedicandi*—is the foundation principle, the very life of dedication. When this is unequivocally indicated by the acts of the owner of the soil, so far as he is concerned, the dedication has been made. It follows that dedication is a conclusion of fact to be drawn by the jury from the circumstances of each case, and the question to be determined by them, as against the owner of the soil, is whether the *animus dedicandi* sufficiently appears from all the facts of the case. 2 Smith's Leading Cases, Hare & Wallace's notes, 181, *et seq.*, and authorities cited; Angell on Highways, § 142 ; *Onstott* v. *Murray*, 22 Iowa, 457.

II. It has been held that long use of the lands by the public as a highway is evidence of a former dedication. **3. —— circumstances from which dedication may be presumed.** The period of continued and uninterrupted use by the public which will raise the presumption of dedication in some states corresponds with the term fixed for the limitation of real actions. Such has been the ruling of this court. *Keyes & Crawford* v. *Tait*, 19 Iowa, 123 ; *Onstott* v. *Murray*, 22 id. 457.

In other states a period of time, shorter than that required to limit an action to recover lands, during which the use by the public has continued, has been held sufficient to raise a presumption of dedication. See authorities cited in Angell on Highways, § 143, *et seq.*, and 2 Smith's Leading Cases, Hare & Wallace's notes, 180, *et seq.*

III. Use by the public of a highway during a time of

whatever duration is not the only circumstance that will raise a presumption of dedication. It may be shown by other facts, from which may be properly inferred an unquestionable intention to dedicate the land for the purpose of a highway.

Acts of the owner of the land, implying his assent to its use as a highway and indicating an *animus dedicandi*, when accompanied by user on the part of the public, without regard to the time during which they way has been used, are sufficient to authorize an inference of prior dedication. *Marcy* v. *Taylor*, 19 Ill. 634.

Thus, where the land owner *built a street upon his premises* which was used as a highway, it was held to amount to a dedication. *Lade* v. *Shepard*, 2 Strange, 1004.

Selling lots abutting upon land used as a way ; describing highways as such in a map or plot by the land owner; standing by and seeing ways improved or made, and other like acts which induce the public to believe that the land is set apart as a highway,—will raise a presumption of dedication. See authorities cited in Angel on Highways, § 143, *et seq.*, also the following cases, illustrating the application of this doctrine. *Connor* v. *President and Trustees of New Albany*, 1 Blackford, 43 ; *Gwynn* v. *Homan*, 15 *Ind.*, 201; *Williams* v. *Wiley*, 16 id. 362 ; *State* v. *Atherton*, 16 N. H. 203 ; *Lownsdale* v. *Portland*, 1 Oregon, 397 ; *Harding* v. *Jasper*, 14 Cal., 642.

The act of the owner of lands within the limits of a city, in constructing a street over them, and the necessary 4.—— construction of street by owner. bridges suitable for the public travel, and in throwing them open to public use, appears to be the clearest expression of an intention to dedicate, and in the absence of evidence showing a contrary intention ought to be so held. Lands in a city are rendered more valuable by the increase of facilities of approach to and over them, and may thus be made more

Manderschid v. City of Dubuque.

useful for all purposes of city lots. Unless there be something to indicate otherwise, it will be presumed that a street opened and constructed by the owner of such lands, was established with a view to increase the value of his property by thus dedicating a part of it to the public use.

IV. We have seen the acceptance by the public of the highway is necessary to effectuate the dedication. This

5. —— what amounts to acceptance by the public. is certainly true, in order that the proper public authorities may be charged with the burden of keeping the way in repair, and, consequently, liable for neglecting so to do. It will be necessary next to inquire what amounts to an acceptance and what is sufficient evidence thereof.

It is probably the settled doctrine in England, that no formal acceptance other than public use is necessary, in order to make the dedication of a highway effectual. See Angel on Highways, § 158. While this rule is not uniformly recognized in this country, yet it is believed that the weight and prevailing current of authorities support it. *Curtis* v. *Hoyt*, 19 Conn. 154, 169 ; *Baker* v. *Clark*, 4 N. H. 380 ; *State* v. *Nudd*, 3 Foster, 327 ; *Cole* v. *Sproul*, 35 *Me.* 161 ; *The people* v. *Beaubien*, 2 Doug. 256, 286 ; *State* v. *Cutten*, 3 Ut. 530 ; *Morley* v. *Taylor*, 19 *Ill.* 634 ; *Green* v. *Canaan*, 29 Conn. 157 ; *Boyce* v. *The State*, 16 *Ind.* 451 ; *Norse* v. *Ranno*, 32 Vt. 600 ; *Holdam* v. *Cold Spring*, 21 N. Y. 474 ; *Gwynn* v. *Homan*, 15 Ind. 201 ; *Leech* v. *Waugh*, 24 Ill. 228 ; *Connehan* v. *Ford*, 9 Wis. 240 ; *Daniels* v. *The People*, 21 Ill. 439 ; *Holdam* v. *Trustees of Cold Spring*, 23 Barb. 103 ; *Jennings* v. *Inhabitants of Tisbury*, 5 Gray, 73 ; *Bissell* v. *N. Y. Central R. R.*, 26 Barb. 630 ; *Hays* v. *The State*, 8 Ind. 425 ; *The State* v. *Hill*, 10 Ind. 219 ; *Smith* v. *The State*, 3 Zab. 130 ; *State* v. *Sarton*, 2 Strob. 60 ; *State* v. *Atherton*, 16 N. H. 202.

It is held in Massachusetts that uninterrupted and general use by the public of a road as a highway for twenty years, the time fixed by statute for the limitation of real actions, is sufficient to charge a town with liability to keep it in repair, notwithstanding a statutory provision that no way which has not become public shall be chargeable upon a city or town as a highway, unless it be laid out and established by such town or city, in the manner prescribed by statute. *Jennings* v. *Inhabitants of Tisbury*, 5 Gray, 73 ; see Gen. Stats. of Mass. (1860), 243, 774.

It has been ruled in Indiana, that use and repairs of a road, by the public, continuously for ten years or less, is sufficient to authorize a jury to infer dedication by the owner of the land over which the road passed for the purpose of a highway, although a statute of the state declares that all public roads which have been or may be used as such for *twenty years* or more, shall be deemed public highways. *The State* v. *Hill*, 10 Ind. 219.

Work done by proper authority to repair roads used as highways, when no evidence of their establishment under statute, nor other evidence of acceptance is shown, has repeatedly been held sufficient to authorize the inference of acceptance, by the constituted public authorities, of ways dedicated to public use. *Marcy* v. *Taylor*, 19 Ill. 634; *Folsom* v. *Underhill*, 36 Vt. 580 ; *State* v. *Atherton*, 16 N. H. 203 ; *People* v. *Jones*, 6 Mich. 176 ; *Alvord* v. *Ashley*, 17 *Ill.* 363; *The Commonwealth* v. *Belding*, 13 Met. 10.

The convenience to the public of a highway in question, coupled with use by the public, when dedication is sufficiently shown, may be proved in order to base a presumption of acceptance. *Green* v. *Canaan*, 29 Conn. 157 ; *Guthrie* v. *New Haven*, 31 id. 308.

The several rules, supported by the authorities

Manderschid v. City of Dubuque.

above cited, are in harmony with reason and necessary corollaries from other undisputed doctrines. It cannot be denied, that long user by the public, repairs under authority of the proper public officers, and other acts of the public or of the proper authorities, are evidence of dedication as against the land owner in cases where he disputes the right of the public to the enjoyment of the easement.

User by the public for ten years, and in one case for a shorter period, has been held in this state sufficient upon which to base a presumption of dedication. See *Keyes Crawford* v. *Tait*, and *Onstott* v. *Murray*, *supra*. Upon evidence of this character land owners are deprived of the use of their lands, and fines and penalties are enforced in criminal proceedings, *qui tam* and other actions, in cases without number, to be found in all the books, both English and American. But to support a dedication, acceptance by the public or public authorities of the lands dedicated must, in all cases be shown, or proper evidence must be given from which it can be inferred. In such cases, acceptance, it is uniformly held, may be proved in the manner indicated in the authorities above cited, viz., by user, by repairs, etc. Now it appears to be unreasonable and contrary to the plainest principles of justice, that acceptance may be thus proved and inferred against the land owner, or those who are charged with the violation of law by obstructing a public way, and yet that the same evidence will be insufficient to prove the like fact when the public authorities are charged with neglect of duty or violation of law touching the highway, whereby the private citizen suffers loss. This would be establishing one kind of law for the citizen and another for municipal and other *quasi* corporations and public officers; and the recognition of different rules of evidence in cases where the same facts and same issues are presented for

determination of the same or like rights, duties and legal liabilities. It is plain that acceptance may be proved, in a case against the public authorities for neglect to repair a highway resting upon dedication, by the same evidence that is sufficient to establish it in a case where the citizen is charged with obstructing a highway, as the owner is required to surrender his land under a dedication to the public.

It has been suggested as an answer to this argument, that in cases against the citizen for obstructing the highway, or against the land owner who denies the dedication, acceptance is shown by the fact of the commencement of legal proceeding, prosecution, or the finding of the indictment; that is, whatever act is done or proceeding instituted to sustain the highway, as against the citizen, amounts to an acceptance by the public or the proper public officers. As a matter of fact, in no case can this view be sustained. The informer who institutes prosecutions, the grand jury that presents the indictment, or the citizen who brings a private action against one who obstructs a road, in no sense are clothed with authority to accept a dedication in behalf of the public. Besides, if this were admitted, such acceptance must, of necessity, be after the act causing the obstruction, and as acceptance is necessary to affectuate dedication, it follows, that at the time the act was done for which proceedings or prosecutions are instituted no dedication in fact existed.

An argument, against the conclusion we have adopted, is based upon the ground of hardship to the counties and cities of the state if they are held liable to keep in repair highways not laid out and established under their authority, or not recognized by the formal act of the proper officers or authorities of these corporations, expressed in a manner indicating the formal acceptance of the high-

way as dedicated, as by resolution, order or ordinance of the proper authority of the county or city. The argument is, that these corporations will be burthened with liability growing out of claims for injuries resulting from defective highways of this character. The apprehension, we think, is not well founded. As a fact, it is well known that claims for such injuries are very infrequent. But a very limited number of such cases are within our knowledge, and we do not see that the rule we adopt will tend to increase them. However this may be, in our opinion if a citizen sustains injury by reason of a defective highway, which is recognized as necessary for the public convenience by public use and repairs made by public authority, he is as justly entitled to compensation as though the highway had been established by formal act of the public officers entrusted with that duty. The same argument could be made against all highways. If counties and cities may be burthened in this way, by highways by dedication and acceptance by the public, so they may be with those established in any other way. But this view cannot weigh against the wants and convenience of the public for necessary avenues of communication. Such wants being indicated by public travel and recognized by the public authorities, by repairs and in other ways indicated above, it becomes clearly the duty of the counties and cities to provide for them, by keeping in repair such highways.

It is doubtless within the power of the counties and cities to vacate, or by proper action to refuse to accept, highways established by dedication, so that it is impossible for land owners to force upon the public roads not necessary for the public convenience. Such as are necessary the public authorities ought to keep in repair.

It will be noted that the question in this case, whether the highway as dedicated was accepted by the public, was

submitted by the instructions to the jury. This is a proper question of fact exclusively for the jury to determine. The evidence submitted in this case is competent upon that issue, as we have seen, under the foregoing authorities. We are not prepared to say that the verdict which implies the finding of acceptance by the public, is not supported by the evidence.

Applying these doctrines, which are well supported both upon precedent and reason, we have no difficulty in sustaining the rulings and judgment of the court below. The law embodied in the instructions to the jury fully accords with the doctrines above announced. The instructions asked by defendant and refused, were either in conflict therewith or substantially given in another form, upon the courts own motion.

V. Under section 23 of the charter of Dubuque, it is provided that no addition to the city shall be lawful unless it be submitted to the city counsel, who have exclusive authority to provide for and regulate the width of streets and alleys therein. An objection is based upon this provision, to the effect, that upon the land over which the street in question passes the city council possesses exclusive authority to establish streets. But the defendant has failed to show that the street is within an addition, which is certainly necessary to bring it within the provision, even should we hold that it possesses the force and effect claimed for it, which by no means appears to us. Besides, we gather from the record that the island and slough over which the city extends is within the original limits of the city, and that an amendment of the charter contemplated the construction of the street over the same precisely in the manner the record describes the Sixth street extension. Acts 5th General Assembly, ch. 17, § 1.

VI. It is objected that the repairs upon the street and bridge done by the city, as disclosed by the record,

Manderschid v. City of Dubuque.

8. —— effect of subsequent repairs. were after the injury which is the foundation of plaintiff's action, and that therefore such facts are not proper evidence to show acceptance of the dedication. Defendant therefore argues, that the fourth instruction given by the court is erroneous, in that it was calculated to mislead the jury, there being no facts in evidence before the jury upon which it could have been based. In our opinion repairs subsequent to the injury are sufficient to show acceptance of the highway as dedicated. Not that the acts themselves amounted to acceptance, and, by retrospective effect, operated at a time anterior to the injury, but they are clearly competent to be given in evidence, as tending to show that the city had previously recognized and adopted the street. This rule is recognized in *Folsom* v. *Underhill*, 36 Vt., 580, a case in point fully supporting the view we have just expressed.

VII. The second instruction is objected to on the ground that it is not applicable to the case made by the evidence. It is not claimed that it is erroneous as the announcement of an abstract principle of law, but that there are no facts

9. —— municipal corporation: streets leading from city.

contained in the record to which it is applicable. The bridge, it is insisted, is a quarter of a mile from the beginning of the extension at Sixth street proper. It is insisted that it cannot be possible the bridge is in such near proximity to the street, that, in contemplation of law, the city would be liable for injuries sustained by reason of its dangerous character.

We think differently. It is the duty of the city, not only to keep the street in repair, but to erect barriers and protections to prevent travelers from passing, without its limits but in its general direction, into dangers and obstructions. The city cannot be permitted to suffer a street to terminate in a kind of a *cul de sac* leading to

precipices or pitfalls, whereby the life and property of the traveler is endangered.

The court by the instruction very properly left the jury to determine whether the defective bridge was so near the public highway as to be dangerous to persons traveling thereon. See *Davis* v. *Hill*, 41 N. H., 329, and authorities there cited.

It is the opinion of a majority of the court that no error appears in the record before us. The judgment of the circuit court is therefore

Affirmed.

WILLIAMS, J. (dissenting).—This suit against the city of Dubuque is for the value of a horse lost by plaintiff in consequence of a defect in a bridge alleged to be in and part of a highway which the city was bound to keep in repair.

It is denied by the city that it was bound to repair the bridge, and the way leading to it, where the injury occurred.

It did not occur on a street laid out and constructed by the city, but in a highway made by dedication, and no act by the city authorities in relation to the alleged highway is shown, except slight repairs made to the bridge and embankment leading to it after the injury to plaintiff's horse.

The question is, Does the obligation devolve upon the municipal authorities charged with the repair of highways, to repair a highway that has become such by dedication, from and after the time dedication is made, without any act of acceptance on their part ? Or, to state the proposition in another form, Are municipalities equally bound to repair highways created by dedication as they are to repair the highways laid out in accordance with the statute law, which have been worked and opened by the authorities for public use ?

Manderschid v. City of Dubuque.

When a highway is laid out in the manner provided by the acts of the general assembly, the right to use it vests in the public, and the owner of the land upon which the road is laid is divested of his title to the extent of the easement required by the public, but there is no responsibility for neglect to repair until the highway is opened. *Bowman* v. *Boston*, 5 Cush. 1; *Bliss* v. *Deerfield*, 13 Pick. 102—cited by defendant's counsel. The grading it, bridging it, making it passable, are an invitation to the public to use it, and from this time liability for negligence begins.

The owner of the land over which the highway is laid may fence it and throw it open to the public; but until the authorities invite the public to use it, by making it passable, those who use it use it at their peril.

Is it consistent that a greater obligation should rest upon the public authorities when a highway is made by dedication?

In 4 Barnwell & Alderson, 448, this question first appears in the English reports, and Justice BAILEY says: "I do not accede to the doctrine, that because there is a dedication of the road by the owner of the soil, and the public use it, the parish is therefore bound to repair. I think there ought to be, in addition to this, evidence of an acquiescence by the parish in the dedication.

"It would be most unjust, if, by the public use of what was not at first a public road, the burthen of repairing it could be removed from the persons to whom the use of it was at first confined, and cast upon the parish. Admitting, therefore, that in this case there was a dedication to the public, and that the road was found to be a public benefit, I think that, in consequence of the want of some acquiescence or act of adoption by the parish, they are not liable to the repair of the road."

Afterward this rule was changed, and it was held by

DENMAN, Ch. J., that when the public had acquired a right to use a way, the duty of repair devolves upon the parish; and this is the rule of England, and of the majority of this court.

The difference in the condition of England and our condition makes the earlier English rule more applicable to our circumstances, and it has received the endorsement of the courts of several of the states, and has been embodied in the legislation of Massachusetts and Rhode Island.

The law, as held by the majority of the court, points out no way by which the knowledge that a highway has been made by dedication can be brought home to the municipal authorities, and it devolves upon the counties, towns and cities of Iowa the repair of highways of the existence of which they have no means of knowledge ; and in this mode the responsibility is cast upon them of repairing roads which they would refuse to establish if applied to make them highways by the mode pointed out by the code, and which they have no power to vacate.

The rule that a dedication *per se* devolves upon the public the repair of roads so made, would make the municipal authorities liable forthwith for the opening and maintenance of the streets designated on every town plat, recorded according to law ; and there is not a city in Iowa equal to such a burden.

"To constitute a highway by dedication, by which the town is bound to repair, there must be dedication of the land by the owner, and an acceptance of the dedication by the town, otherwise it would be in the power of an individual to impose upon a town a liability to make and keep in repair a road *nolens volens.*" *Hyde, Admr.*, v. *Jamaica*, 27 Vt. 454.

"To make a town liable for the repair of a highway made by dedication, it must have been adopted by the town. And adoption does not mean a general use by

individuals, which may be termed a public use, but an act or acts of the town in its municipal capacity. *Blodgett* v. *The Town of Royalton*, 14 Vt. 288. And it was held in *Paige* v. *The Town of Weathersfield*, 13 id. 424, that the action of the selectmen, who are in Vermont town officers, is necessary to constitute such an adoption as to make the town liable to repair.

In *Oswego* v. *The Oswego Canal Company*, 2 Seld. 263, RUGGLES, Ch. J., says : "any individual may lay out thoroughfare through his own land. But such dedication does not impose upon the towns in which the lands lie the duty of improving or of keeping in repair as a public highway the lands so dedicated." In the same case, EDMUNDS, J. : "It requires something more than dedication to create the privileges and duties belonging to a public highway."

In *Holdam* v. *Cold Spring*, 23 Barb. 103, it is held without qualification that a dedication and an acceptance by the most unqualified use of a highway does not make it a highway in its most extended signification.

This is the law of New York.

In *The State* v. *The Town of Richmond*, 1 R. I. 49, it was held that a resolution which was passed adopting the road was insufficient. In the case of a dedication in this state of a highway, it is provided by statute that "no town shall be liable to repair such highway until the town council thereof shall decree and order the same to be repaired at the expense of such town."

In *Green* v. *The Town of Canaan*, 29 Conn., the court was divided in opinion ; STORRS and HINMAN, JJ., holding with the majority of this court, and ELLLWORTH and SANDFORD, JJ., holding that a dedication did not devolve without an act of acceptance on the part of the authorities, upon the town the responsibility of repairs and a liability for neglect to repair.

After quoting *Rex* v. *Parish of St. Benedict*, 4 Barn. & Ald. 447, ELLSWORTH, J. says : "This reasoning is very satisfactory to us, and the doctrine laid down is most reasonable and just." He says, further : In this state, and perhaps in all the states, there is a statutory system in relation to highways wholly unlike anything in England. We have in each town and county a domestic tribunal invested with exclusive and final authority, which is specially charged, upon personal inspection, to lay them out and establish them, and if now we are about to place roads by dedication upon the same footing with such roads in England, in disregard of our own peculiar system, the legislature will ere long be called upon to enact a law similar to that of Massachusetts, or our cities and towns will be grieviously burdened, through accidents on roads of which they have little or no knowledge, and over which they have assumed no control."

I add, adopting still the language of ELLSWORTH, J. : " If my brethren are right in their theory, no city or town is safe without watching all private roads, however made, to learn how much public travel there is on them, and whether they have been abandoned to the public—an inquiry to be conducted at their own risk."

He adds : " We hold acceptance is necessary, and until it is made by the city or town, or by some act of its officials having charge of the subject, the city cannot be liable for its defects."

In *Guthrie* v. *The Town of New Haven*, 31 Conn. 308, the doctrine held by the majority of this court is sanctioned on the authority of *Green* v. *Canaan*, in which the court were divided, and in which was delivered the dissenting opinion of ELLSWORTH, J., from which I have before quoted at length.

In *Jennings* v. *The Inhabitants of Tisbury*, 5 Gray, 73, a distinction is made between a road by dedication and a

road by prescription. This distinction was made to avoid the consequences of the Massachusetts statute concerning highways by dedication, for it was found the law would apply to many roads that had been worked and used for many years, of the establishment of which, according to the mode prescribed by statute, no record could be found. This distinction is not well founded. According to the better opinion, and in conformity with the clearly defined and recognized signification of the terms, the public can at common law acquire an easement in the lands of another by dedication. When an individual by user so acquires an easement, it is termed prescription. Angell on Highways, § 131.

In *Todd* v. *Rome*, 2 Greenl. 51, MULLEN, Ch. J., rules that twenty years' use of a highway imposes upon the town the duty to keep in repair the highway, and he deduces the obligation to repair from the right to use.

In the following cases, referred to in the opinion of the majority of the court, the question of the liability of a town or city to repair a road made by dedication is not in issue, and the courts intimate no opinion upon it. *Baker* v. *Clark*, 4 *N. H.* 380 ; *State* v. *Nudd*, 3 Fost. 327 ; *Cole* v. *Sprowl*, 35 Me. 161 ; *People* v. *Beaubien*, 2 Doug. 256 ; *Marcy* v. *Taylor*, 19 *Ill.* 634 ; *Boyer* v. *State*, 16 Ind. 457 ; *Morse* v. *Ranno & Robbins*, 32 Vt. 600; *Gwynn* v. *Homan*, 15 Ind. 201 ; *Holdam* v. *Cold Spring*, 21 N. Y. 474 ; *Leech* v. *Waugh*, 24 Ill. 228 ; *Connehan* v. *Ford*, 9 Wis. 250 ; *Daniels* v. *The People*, 21 Ill. 439 ; *Holdam* v. *Cold Spring*, 23 Barb. 103 ; *Bissell* v. *N. Y. Central R. R.*, 26 ib. 630 ; *Hays* v. *State*, 8 Ind. 425 ; *State* v. *Hill*, 10 id. 219 ; *Smith* v. *State*; 3 Zab. 130 ; *State* v. *Sarton*, 2 Strob. 60 ; *State* v. *Atherton*, 16 N. H. 202.

In this list of authorities the gist is, that a dedication may be inferred from public use—a proposition I do not understand the defendant combats, and to which I assent.

Manderschid v. City of Dubuque.

As I understand the fact to be, the rule, as evidenced by reported cases, adopted by the majority of the court, prevails in Maine and Connecticut and England.

By the rule established by the courts, the contrary prevails in New York and Vermont, and by acts of the legislature in Massachusetts and Rhode Island.

We have no evidence that this question has been determined in other than the states mentioned. I do not claim that no decisions have been reported. My limited researches have not reached them. It seems, then, that the reasons that have been met with in this discussion and determination of questions involved in the suit at bar would sanction this conclusion: that municipalities are not liable to repair highways made by dedication until they have accepted and adopted them. That this acceptance need not be made by any formal act or resolution; that the working, grading, bridging, opening, by removing obstructions, and acts of like import, are sufficient for this purpose.

In this suit there is no evidence of any act of recognition till after the occurrence of the accident and injury. Perhaps this might bind the city in the future, but to hold that this would create a retrospective liability, would be to hold that present acts of adoption tend to prove a prior adoption. It is needless to combat such a proposition.

The defendant asked the court to instruct the jury:

"That, in order to make the city liable in this action, plaintiff must satisfy you from evidence that Sixth street extension, at the place where the accident is alleged to have occurred, had been accepted by the city as a public street, opened for the public travel prior to the time of the accident." This was refused. It should have been given, and the refusal is error.