Marcy v. Taylor.

ELBURT MARCY, Appellant, *v.* WILLIAM TAYLOR, Appellee.

APPEAL FROM KENDALL.

In an action for trespass to land, where the issue presented is, whether the fence removed was or not in a highway, it is erroneous to instruct the jury so as to take from their consideration the evidence which went to establish the fact that the fence was in the highway.

Any person may remove a fence erected across a highway, without being guilty of a trespass.

Dedication of a highway may be proven in various ways; as, by grant, by user, or by the acts and declarations of the owner. No particular length of time is necessary for evidence of dedication.

The acceptance of a dedication of a highway, by the public, may be shown by user, or by the acts of public officers, repairing and keeping it up, though the latter evidence of acceptance is not essential.

WILLIAM TAYLOR, on the 7th day of September, 1855, filed in Kendall Circuit Court a declaration in trespass, *quare clausum fregit.*

Pleas: First, not guilty; second, a public highway; third, quit claim to public for highway from owners of land; fourth, setting forth the proceedings for a highway.

Replication to county *de injuria.*

There was a trial, and verdict for plaintiff for fifty cents; motion for new trial overruled, and an appeal taken.

The cause was heard before HOLLISTER, Judge, and a jury, at October term, 1857, of the Kendall Circuit Court. The evidence is given substantially in the opinion of the court.

B. F. PARKS, and LELAND & LELAND, for Appellant.

GLOVER & COOK, for Appllee.

WALKER, J. It appears, from the evidence in this case, that Samuel Jenkins, in his lifetime, was in possession of and claimed to be the owner of a tract of land, along the east side of which there was a traveled road, about which there was no dispute. And that during his life, for the purpose of having a branch road running east and west into the first named road, he left out, when he fenced his premises, a strip of two rods in width, on the south side of his field, for this cross road. It further appears that the appellant owned and occupied land south of the west end of Samuel Jenkins' land, which adjoined on the north, and that Henry Jenkins, a son of Samuel Jenkins, owned land east of appellant's tract first named, and that two rods had been left out on the north side of Henry Jenkins' and appellant's tracts, making an open space of four rods in width, opening into the first named road, running north and south, on the east side of these tracts of land. That Samuel Jenkins died, leaving Celestia Jenkins his widow, and Henry Jenkins, John Jenkins, Thomas Jenkins and Jane Scott, wife of William Scott, his children and heirs. That, after the death of Samuel Jenkins, the road commissioners laid out and established this as a public road, while the lands belonged to the heirs of Samuel Jenkins. That Henry Jenkins purchased Thomas Jenkins' interest in the premises; that William Scott purchased John Jenkins' interest. That Henry and Scott released the damages sustained by the location of the road, and that the widow also joined in the release. That Henry Jenkins and Scott purchased of the other heirs about the time they executed the release of the damages. That Henry Jenkins and William Scott conveyed to appellee, in the winter or spring, after the road was laid out. That it was not fenced when it was laid out. That appellee erected the fence, which appellant pulled down at the mouth of this branch road, where it entered the main road, and eight feet in the last named road. That Samuel Jenkins, in his lifetime, intended to have this as a branch road; had built a fence along it for a road, and built a fence part of the way on the opposite side for it; had built his house fronting it. It was traveled before it was laid out, and in Samuel Jenkins' lifetime; and after it was laid out, it was opened and was traveled. Both roads were open when ap-

pellee took possession of the premises. The jury found a verdict against appellant, and a judgment was rendered against him for costs, from which he appeals to this court.

The court was asked to give a large number of instructions. Most of those which were objected to, were only a repetition of the same principle; but it will be necessary to examine some of them, in determining the legal propositions they contain. The first instruction which was given for the plaintiff below is as follows: "The action of trespass is a possessory action, depending on the possession; and if the jury believe, from the evidence, that the defendant committed the trespass complained of, on land in possession of plaintiff, it is immaterial, so far as the right to recover is concerned, whether he had title to the premises or not." As an abstract proposition, it is true, that a person in the actual peaceable possession of property is *prima facie* the owner, and has a right to recover for injuries and trespasses it may sustain; but in this case, defendant below justified that the fence which he tore down was in a public highway, which gave him a right to remove the same. The replication denied that it was in a public highway; and that was the issue being tried. There was evidence tending strongly to show that this fence was out eight feet in the public road running north and south, and which was not denied to be a public highway. Now if the fence was in *that* road, the plaintiff clearly had no right to erect the fence, take possession and appropriate the highway to his own use, and any person might remove it and pass along the highway. 6 Bacon's Abr., tit. Highways, Letter E. This instruction took from the consideration of the jury all the evidence which tended to show that the fence was in *that* road. This instruction was, in that respect, too broad, and should have been modified.

The seventh instruction given by the court for the plaintiff below, was: "That to constitute or establish a road, a public road by dedication, it is necessary that the owner grant the land to the public for that purpose, and that it has been accepted by the commissioners, recognized by them, and worked and kept in repair by them and others, whose duty it was to repair public roads." A dedication for a highway may be proven in various ways; it may be established by a written grant, by long and uninterrupted user, or by the acts and declarations of the owner of the premises. But, to be availing, it must be made with intent to *dedicate*. The mere acting so as to lead persons to the supposition that the way is dedicated, will not amount to a dedication, if there be any agreement which explains the transaction; but otherwise, if unexplained. *Barraclaugh* v. *Johnson*, 8 Adol. & Ellis, 99. It seems to be well settled that no par-

ticular time is necessary for evidence of dedication; it is not, like a grant, presumed from length of time. If the act of dedication be unequivocal, it may take place immediately. When it is dedicated to the public, and accepted by them, it then becomes a highway. And acceptance may be shown by user by the public, as by travel, or by the acts of the public officers in repairing and keeping it up. But it cannot be essential to the acceptance that they should repair the road, for it might never require repairs. Any other act on the part of the public which manifests an intention to accept, such as public travel and use as a highway, is as satisfactory evidence of acceptance as repairs by the officers. There was evidence in this case which was proper to have been submitted to the jury, to determine whether there had been a dedication by Samuel Jenkins in his lifetime, and an acceptance by the public, without requiring evidence of repairs by the road commissioners. If there was such a dedication and acceptance before appellee purchased, he took it with the incumbrance, and would have no right to resume the possession as against the public. This instruction was also too broad.

For these errors the judgment of the court below must be reversed, and the cause remanded.

*Judgment reversed.*