JOHN WAUGH, who sues as well for Putnam County as for himself, Plaintiff in Error, *v.* JOHN W. LEECH, Defendant in Error.

### ERROR TO PUTNAM.

The acknowledging and recording of a town plat, is the highest evidence of the dedication of the streets and alleys marked upon it, and until the town becomes incorporated, the streets are under control of the county authorities. The streets as platted cannot be enlarged or diminished, but the County Court may direct how much of a street shall be worked upon or improved.

Streets dedicated by a plat, unless lawfully reclaimed by the person who has platted, will forever remain to the use of the public.

The law does not require that evidence of title to the land platted shall be produced; the fact of platting and acknowledging, are acts and evidence of ownership.

Dedication is a mixed question of law and fact, and it is proper to say to the jury, that surveying lots, acknowledging and recording a town plat, selling the lots as abutting on the streets, etc., amount in law to a dedication.

THE action named in the summons is, "An action of debt for obstructing a certain public road in said county." Claim was for ten dollars, penalty given by the statute for obstructing a public road running through the town of Florid.

Appealed by Leech to Circuit Court of Putnam county.

Cause tried in Circuit Court; verdict of jury for defendant in error; motions for new trial and in arrest of judgment entered, and overruled, and judgment against plaintiff in error for costs.

The facts of the case are stated in the opinion of the Court. This case is reported in 24 Ill. 228.

BANGS & SHAW, for Plaintiff in Error.

T. DENT, and G. S. ELDREDGE, for Defendant in Error.

BREESE, J. The facts in this case are briefly these. On the 10th of December, 1835, William W. Stewart and Aaron Thompson acknowledged, before the clerk of the County Commissioners' Court of Putnam county, a certain plat of the town of Florid, in that county, as laid off by them, with an instrument attached, by which the streets and alleys were dedicated to the public. Main street is platted as being seventy-five feet in width.

On the second of December, 1836, one William White filed and acknowledged before a justice of the peace of Putnam county, a similar article and plat of an addition to this town. In it Main street is designated as four rods wide. The article of dedication recites : "The base of the survey the same as in the first survey—the south side or line of Main street on a direct line with the south side of Main street in the old sur-

32

vey ;" in other words, as we understand it, the south line of Main street in this addition, was the south line of Main street in the original town extended. The old plat then showed Main street as a street seventy-five feet wide, and through this addition the same street but sixty-six feet wide, the south line of Main street in each, being on the same parallel. The offset is on the north side of the street.

In 1849, the proper authorities of Putnam county duly located a road, forty feet wide, through Main street, which a witness stated was designed to supercede the old road which had been located there, and which was sixty-six feet wide, or, as he says in another part of his testimony, fifty feet wide. Several witnesses, sworn for the plaintiff, state that this street had been traveled by the public, for near twenty years before this suit was brought, and it was in evidence, that lots had been sold in this addition butting on this street. It also appeared in evidence that the travel went along the south line —that James Leach, who owned the lots bounded by the south line of this street, fourteen years before this trial, moved his fence north to what was supposed to be his line, and when that was done, the travel went close to the fence, almost touching the stakes. This fence remained on the line, and the travel continued as stated, until, some two or three years before the trial and before the commencement of this suit, the defendant moved the fence seven or eight feet north and into Main street of White's Addition. When the lots were sold to defendant, the fence was on the south line of the sixty-six feet street as laid out. Another witness stated that defendant had moved his fence twelve or fifteen feet north of where James Leech's fence was, and his fence encroached upon the street from two to six feet. Another witness states that defendant put his fence fifteen feet north of the south line of Main street. That James Leech's fence occupied, substantially, the south line to which he had moved it fifteen years before the trial, and the work on the street was done with reference to this line. The defendant moved out his fence to the graded part of the road.

There is no doubt, on all the testimony, that if the south line of Main street in the addition, was on the same parallel

with that in the old town plat, and the offsets were on the north side, that the defendant has encroached upon the street, if Main street, as laid out, be a public highway.

There is no proof that Florid is an incorporated town. In the absence of such proof, it will be understood to be incorporated, and the streets and alleys, if the plat be acknowledged and recorded, are open to public use. There is no higher evidence of dedication than such a plat. It informs the public that those spaces marked upon it as streets and alleys, are for the use of the public, and until the town becomes incorporated, they are under the control of the county authorities, to be worked on, and kept in repair, if necessary, for the public convenience. This power and control has, however, its limits. When a town is regularly laid out, platted, and the proper acknowledgment thereof made and recorded, the streets and alleys must preserve the width given to them by the plat, not to be enlarged or contracted by any powers. The gift of the streets is to the public, with the width the proprietor may choose to give them. In his conceit of the useful and the beautiful, he may choose to establish the streets one hundred feet or more in width, and the public is not to impair their beauty or utility in this respect; from which it follows, Main street in White's Addition, being protracted four rods wide, the county had no right to contract its dimensions to forty feet. The county, however, would not be obliged to order work to be done on the entire width of the street,—they might keep open such a passage through it, as would accommodate the reasonable wants of the traveling public.

This plat and acknowledgment, and the fact that lots have been sold on this street, and its free use by the public for near twenty years, establish the dedication of Main street, in White's Addition to Florid, as a public highway four rods wide, its south line to correspond with the south line of that street in the original town.

In *Godfrey* v. *The City of Alton*, 12 Ill. 29, this court held, that the dedication was purely a question of intention, and that a dedication may be made by a survey and plat alone, without any declaration, either oral or on the plat, when it is

evident from the face of the plat, that it was the intention to set apart certain grounds for the use of the public. The authorities show, that dedications have been established in every conceivable way by which the intention of the party could be manifested.

We certainly think a more unequivocal mode of dedication of streets could not be adopted, than surveying and platting the ground, and selling lots butting on the streets, even if the streets should not be used by the public. If they are not reclaimed by the original proprietor in some mode authorized by law, they remain public, open to the use of the public, whenever they may choose to appropriate them.

Although there was no title made out in White to this land, we are not prepared to say that was necessary. The title did not come in question. The law does not require, when a town plat is acknowledged, that evidence of title shall be produced. The survey, plat and acknowledgment, are acts and evidence of ownership, of quite an unmistakable character. They make White, owner, *prima facie* at least, and no one else was shown to have, or pretended to have title to any part of this land, until the sale by which James Leech became the owner of some of the lots. He went into possession, with the south line of this street as his north boundary, and so did the defendant who succeeded him, and he is estopped from denying that the line of the old fence was the line of the street.

The first instruction, therefore, given for the defendant in error, was calculated to mislead the jury, as it conveys the idea that a legal title to the land in the person dedicating, must be established. There was no question of title raised on the trial. Had there been, White's title might have been easily shown. In the absence of all proof to the contrary, his formal act in causing a survey to be made, and acknowledging the plat, being such as only an owner would presume to do, and no title set up in any other person, was sufficient *prima facie* to establish him as the owner.

The fourth instruction was incomplete and calculated to mislead, because it is left to the jury alone to determine what acts amount to a dedication. Dedication, is a mixed question of

law and fact, and the court should have told the jury that surveying the land, acknowledging and recording the plat, and selling lots with this street as an abuttal, amounted in law to a dedication.

The sixth instruction was right, but its bearing on the case is not perceived.

The seventh instruction should not have been given, as it conflicts with the views we have endeavored to present.

The fact that White laid out this land into lots, streets and alleys, and had them duly platted, acknowledged and recorded, was a dedication of the streets and alleys to the public as highways, the dimensions of which, the county authorities could not abridge, and they remained highways with the width designated on the plat, until such time as they should be legally vacated. The road of 1849 did not, therefore, abridge the width of Main street; it remained at the surveyed width, until the defendant encroached upon it as proved. This was a violation of the law, and the judgment of the court should have been against him. The judgment is reversed, and the cause remanded.

*Judgment reversed.*