## JOHN FIELD,

*v.*

## NATHANIEL F. CARR *et al.*

1. DEDICATION *of a street to the public—what constitutes.* In the year 1817, the owner of the land on which the town of Golconda, in Pope county, in this State, is situated, laid off the same into town lots, streets and alleys, and made and recorded a plat of the town thus laid out. A memorandum was endorsed on the plat, defining the width of the streets and alleys, "excepting Water street, which includes all of the ground from the front lots to the river." The plat was not signed or acknowledged. At that time there was no statute regulating the execution of town plats. This was held to be a sufficient dedication, by the common law, to the public, of all the ground between the lots fronting on the Ohio river, and the river itself.

2. SAME—*estoppel—subsequent conveyance.* The vendor of the party who thus laid out the town, having filed a bill in chancery to subject the lots to the payment of the purchase money, and the sale under the decree in that suit being made according to the plat, purchasers at such sale would be estopped to deny the validity of the plat, and a conveyance by the commissioner who executed the decree, of the ground so dedicated to the public, would pass no title thereto.

WRIT OF ERROR to the Circuit Court of Madison county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

Mr. JAMES M. WARREN, for the plaintiff in error.

Mr. WESLEY SLOAN, for the defendants in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was a bill in chancery, filed on the 28th day of April, 1862, by defendants in error against plaintiff in error. The bill charges that the bank of the Ohio river in front of the town of Golconda, in Pope county, in this State, is a public landing, and has been used as such by the public about forty years, and that complainants have the right to use the same as such; that Thomas Furguson, having purchased the lands, including the grounds in question, of the general government,

on or about the 15th day of March, 1817, sold the same to Green B. Field, except 20 acres previously conveyed to Pope county, and except also some lots in the town, and some fractional parts of lots on the southwest side of the 20 acre tract; that Field, on the 20th of May, 1817, laid off the town of Golconda on this tract of land, and on the site of the town of Sarahsville, into town lots, streets, alleys and a public square. He made and recorded a plat of the town thus laid out. It is claimed that the street marked Water street on this plat includes all of the ground between the front of the lots of the town to the Ohio river, and including the river bank as a part of the street. On the 23d of January, 1817, the county court of Pope county changed the name of the town from Sarahsville to Golconda.

It appears that on the 20th day of February, 1819, Ferguson conveyed lot 66, which he had reserved in his sale to Field, to one Smith, describing it by the plat he had previously made, and as corresponding with lot 65 in the town of Sarahsville; that at the March term, 1820, the county commissioners' court appointed Willis to survey and plat the 20 acres conveyed to the county by Furguson, which he did, and the plat was recorded.

Green B. Field having failed to pay Furguson for the land, the latter filed his bill in chancery in the Pope circuit court to enforce its collection, when the court decreed its sale, and commissioners were appointed to execute the decree. They made sale of the lots laid off and platted by Furguson, and reported the sale, and it was approved by the court.

It also appears that Daniel Field purchased a portion of the town lots sold by the commissioners. It appears plaintiff in error is the son and heir of Daniel, and derives title by inheritance from his father; that, in assertion of his title, he had commenced suits in ejectment and trespass against complainants for mooring wharf boats against the river bank, and this suit was commenced to enjoin their further prosecution.

On a hearing, the court below granted the relief sought, and rendered a decree enjoining the suits at law. The record is brought to this court and various errors assigned.

The main question, and the only one we deem material, is, whether the ground in dispute was dedicated to the public. By Field's plat, which was made and recorded in 1817, it appears from a memorandum then endorsed upon it and recorded, that the streets were 60 feet wide, and the alleys 12, " excepting Water street, which includes all of the ground from the front lots to the river. The lots are 132 by 66, except fractional lots." This plat is not signed and acknowledged, as required by the law now in force, which was adopted after this plat was made and recorded; but it appears that Field, the ancestor of plaintiff in error, made the plat and had it recorded, and as there was no statute regulating the execution of town plats when this was made and recorded, its effect must be governed by common law principles. Had this plat been made and acknowledged under the statute, then the title to the streets and alleys would have vested in the town, for the use of the public, precisely as if conveyed to it by the owner, with the use declared.

It has been held, that a dedication to the public may be made in either of several modes. If parties owning the land make a survey and lay off ground for public use, such as a street or landing, and make sales in reference thereto, such acts amount to a dedication of such ground to the public; and that a map is not essential to the validity of the dedication. *Godfrey* v. *The City of Alton,* 12 Ill. 30.

It has likewise been held, that a dedication may be made by grant or written instrument; it may be evidenced by acts or declarations, without writing, no particular form being required to give it validity, as it is purely a question of intention. It may be made by survey and plat alone, without any declaration, either oral or written, on the plat, when it is evident, from the face of the plat, that it was intended to set

apart certain grounds for the use of the public. *Marcy* v. *Taylor*, 19 Ill. 634; *Waugh* v. *Leech*, 28 Ill. 488. When a person performs an act manifesting an intention to dedicate ground to the public for a particular purpose, and it is accepted by the public, he has no power subsequently to change his purpose and resume the grant. *Proctor* v. *The Town of Lewiston*, 25 Ill. 153. It has also been held, that the intention of the owner, manifested by express consent, or by acquiescence in the user of the thing, will create dedication, *Warren* v. *Town of Jacksonville*, 15 Ill. 236, *Dimon* v. *The People*, 17 Ill. 422, *Marcy* v. *Taylor*, *supra*, and that the making and recording of a town plat, under the statute, is the highest evidence of the streets and alleys marked on the plat. *Waugh* v. *Leech*, *supra*. Other authorities might be referred to, but the principles announced in these are sufficient for the determination of the case at bar.

The plat was made and recorded by Green B. Field, and it was recognized by Furguson in his bill to render the land liable to his debt for the purchase money. It was recognized by the court, and the commissioners in making the sale by it. And Daniel Field, from whom plaintiff in error inherited the lots in Golconda, recognized the plat by purchasing from the commissioners by this plat, and receiving conveyances for the lots by the numbers given them on this plat. Green B. Field, by making the survey and plat and recording it, manifested the clearest and most unmistakable intention to dedicate the streets and alleys to the public. He marked and named the streets, described their width, and especially defined Water street, embracing the ground in controversy, as a street extending from the front lots to the Ohio river. Although not signed or acknowledged, it was an unequivocal act, which as clearly manifested an intent to dedicate this ground to the public, as if it had been conveyed to the public. In the one case, it is the clear and unmistakable act of the party, while in the other it is his written declaration.

This plat was recorded as early as 1818, and by it Water street was bounded by the river, as shown by the memorandum written on the plat. This was the only plat of the town known, till 1833. Then, as Furguson caused the lots to be sold under it, and conveyed under it, and as Daniel Field purchased under it, they were estopped to deny its validity ; and plaintiff in error having derived his title by descent from Daniel Field, who was estopped to deny it, he is also estopped, as a privy in estate. It also appears that the street was recognized by use by the public, as described in the plat. It hence follows that the subsequent conveyance by the commissioners to the river did not and could not affect the rights of the public to the dedication, and passed nothing, as the land covered by the dedication was not subject to sale, as it had become a public street.

Again, this ground had been used by the public as a street for about forty years, and we fail to find that plaintiff in error, or his ancestor, ever set up any claim as against the public to this ground, unless it be simply by having a deed from the commissioners.

A careful consideration of all the evidence in the case proves clearly, to our minds, that Green B. Field intended to and did dedicate this ground to the public, and that it was accepted ; that Daniel Field recognized the dedication, and plaintiff in error derived title subject to the dedication, and has no right to the land, and that the court below did right in enjoining the further prosecution of the suits at law.

The decree must be affirmed.

*Decree affirmed.*