ORSON H. BROOKE
v.
BRIDGET O'BOYLE.

*Trespass—Peaceable Entry—Fence in Street—Instructions.*

1. If a fence is in a street, any person may remove it without being guilty of trespass.

2.   Where the owner of land, having the right to immediate possession, makes entry thereon in a quiet and peaceable manner, or without actual force or violence, he is not liable in trespass to one who has neither the right of property nor to the possession.

[Opinion filed December 7, 1888.]

APPEAL from Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding.

Messrs. HUTCHINSON & LUFF, for appellant.

No counsel appeared for appellee.

GARY, J.   This was an appeal from a justice of the peace, and the cause of action which, by the evidence, the plaintiff claimed to have, was for a trespass committed in tearing down a fence.

There was conflicting evidence as to possession by the plaintiff and as to title in the plaintiff, or in Drexel, for whom the appellant acted.   Also as to whether the fence was in a public street.

For the appellee the court instructed the jury as follows:

"5.   The court further instructs the jury that in order to maintain an action for trespass it is only necessary for the plaintiff to prove that she was in the actual peaceful possession of the property upon which the trespass is alleged to have been committed, and that the defendants, or some one or more of them, unlawfully interfered with such possession.

"6.   The court instructs the jury that although possession of land may be acquired wrongfully by the plaintiff, this will not justify even the owner of property in entering and taking possession forcibly against the will of the person in possession."

There was no evidence of any breach of the peace, if that would make any difference in trespass *quare clausum fregit*. The appellee was not present when the fence was torn down. One of the witnesses, who does not appear to have any relation with her, said he saw it being done and told the men that

the fence belonged to appellee, and ordered them to stop, which they did.

The first instruction is wrong in taking from the jury the question whether the fence was in the street. If it was, anybody might tear it down. Marcy v. Taylor, 19 Ill. 634. The word "unlawfully" in the last line does not help it. Questions of law are not to be left to the jury. Bailey v. Godfrey, 54 Ill. 507; Howard F. & M. Ins. Co. v. Cornick, 24 Ill. 455.

And if appellant acted under one claiming title, and if there was any evidence tending to prove that title, then both instructions were wrong. The heresy introduced into the law of this State in 1886, based upon Dustan v. Cowdry, 23 Vt. 635, has, after much pruning, been got rid of in Fort Dearborn Lodge v. Klein, 115 Ill. 177. The owner may take from a wrongful holder his own, if he can do so without a breach of the peace. If a breach of the peace is committed, then, in trespass *vi et armis*, it may be determined who was in the wrong as to that. Sec. 2, Chit. Pl. 696 *et seq.* (16th Am. from the 7th Eng. Ed.)

The remedy by forcible entry is not touched by this return to the common law in trespass.

For these errors in the instructions the judgment is reversed.

*Reversed and remanded.*