# THE CHICAGO & WESTERN INDIANA RAILROAD COMPANY

## v.

# WILLIAM J. SLEE.

*Trespass—Railroad Company—Condemnation—Writ of Possession— Failure to Cover Premises in Question—Evidence—Instructions—Lib- erum* Tenementum—*Plea of—Damages—Rental Value—Failure to Re- enter.*

In an action of trespass *quare clausum* against a railroad company, it being alleged that certain premises were wrongfully taken possession and made use of by it, this court holds that the defendant fully justified the entry under the plea of *liberum tenementum*, which, by a certain stipula- tion entered into, was to be considered as pleaded in the case; that what- ever rights the plaintiff might have in equity to redeem in no way affected the legal title conveyed by a certain deed, when the matter came in ques- tion in an action at law, and that the judgment for the plaintiff for the rental value of the premises from the date of the entry until the com- mencement of the suit was erroneous, in view of the fact that he did not re-enter the same.

[Opinion filed July 2, 1889.]

APPEAL from the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Messrs. OSBORN & LYNDE, for appellant.

Messrs. C. H. WILLETT and C. PORTER JOHNSON, for appellee.

MORAN, J.    This was an action *quare clausum fregit*

brought by appellee against appellant, and the *locus in quo* was the east thirty feet of lots eleven and twelve in Wilder's north addition to Chicago, described in the declaration by metes and bounds.    There was a stipulation that under the plea of the general issue the defendant might introduce any defense to which it was entitled, the same as if specially pleaded.    Plaintiff's proof was that the defendant, by its agents, accompanied by a deputy sheriff, entered upon the premises in January, 1881, and tore down fences thereon, and filled up the lots with dirt, and laid a railroad track thereon, and kept possession of the same.    To show that defendant had no authority to enter, plaintiff introduced a certain writ of possession, the same which the deputy sheriff had, and which had been issued in a certain condemnation proceeding, and it appeared therefrom that while the writ related to certain other portions of said lots eleven and twelve, it did not authorize any entry upon the premises described in the declaration.

The plaintiff became the owner of the said lots eleven and twelve in 1868, and on June 4, 1870, conveyed the same, including the part thereof described in the declaration, by trust deed to Levi D. Boone, trustee, to secure a note for $4,500, payable three years after date with interest payable semi-annually.

On February 19, 1879, Levi D. Boone, trustee, executed and delivered to the Union Mutual Life Insurance Company of Maine, a deed conveying the said premises; said deed recites the execution of the foregoing trust deed by plaintiff to secure said note, default in payment of the same, demand by the insurance company, the holder of said note, for sale of the premises described in said trust deed, and advertisement and sale to said insurance company; on February 18, 1880, said insurance company executed and delivered to Albert J. Averill a deed conveying the same premises.    The above mentioned deeds were introduced in evidence by the appellant, and it was shown by the proof that Averill purchased the property and took the title for appellant, and that appellant directed its agents with Averill's assent to take possession of the property; and during the summer of 1880,

and until the date of the trespass complained of, there was strife between appellee and appellant about the possession of the *locus in quo,* appellant endeavoring to get complete possession of the property described in the deed, and appellee retaining possession, in part at least, so that there was a continual controversy as to who was in possession until January, 1881.

Among other instructions asked by the defendant to be given to the jury was the following: "The jury are instructed in this case to return a verdict for the defendant." This instruction should, in our opinion, have been given. Appellee's counsel says in his brief that he admits that Averill was the agent of the railroad company in holding the title, and treats Averill's title the same as though the conveyance had been direct to the railroad. This being so, the defendant fully justified the entry under the plea of *liberum tenementum,* which by the stipulation is to be considered as pleaded in the case. There was no evidence whatever in conflict with the evidence which was admitted as though said plea was on file; said evidence being documentary, and no issue as to its truth, there was nothing for the jury to pass on, and the verdict could only be for the defendant. Proof which will support the plea of *liberum tenementum* is a complete defense to trespass *quare clausum.* Fort Dearborn Lodge v. Klein, 115 Ill. 177; Brooks v. O'Boyle, 27 Ill. App. 384.

Appellee's counsel seems to hold the view that because it was declared by the Supreme Court in the Union Mutual Insurance Company et al. v. Slee, 123 Ill. 57, in a chancery proceeding, that the deed from the insurance company operated as an equitable assignment of the mortgage, and that Slee had a right to redeem, that fact in some manner affected the legal title conveyed by said deed when the matter came in question in an action at law. This is a mistake. Whatever Slee's right may be, in equity to redeem and to have an accounting, until the redemption has taken place and the decree is entered in pursuance of which the legal title is by appropriate methods restored, it can be asserted at law with its full force. This question was early decided in this State. In

Reece v. Allen, 5 Gilm. 236, in deciding whether the grantee of a trustee was bound to show that the conditions of the trust deed had been complied with, our Supreme Court said: " This precise question was decided by the Supreme Court of Appeal of Virginia, in the case of Taylor v. King, 6 Munf. 358; and also, in Harris v. Harris, Ib. 367. Indeed in the former case the court went further, and decided that the grantee of the trustee should recover in ejectment, although the jury had specially found that the trustee and purchaser were both guilty of a fraud in the transfer. We do not hesitate to agree with the court, that the conveyance passed the legal title to the estate, and that it did not devolve upon the purchaser to show that the trustee in making the sale had complied with the conditions specified in the trust deed. If the grantee took the title in fraud of the rights of any of the parties, a court of chancery, within whose peculiar jurisdiction such questions are, would either set aside the sale, or treat him as trustee, and compel him to perform the trust." This doctrine has been repeatedly approved. See Windett v. Hurlbut, 115 Ill. 403.

Counsel's contention that this legal title is obliterated because, by the transaction between appellant and the insurance company, Slee's mortgage indebtedness was paid, is not tenable. Such may be the effect in equity, but the circumstances relied on had no operation against the legal title.

If appellant had no other defense, this judgment would have to be reversed for the reason that the court allowed the jury to assess damages for the rental value of the premises from the date of the entry by appellant till the° commencement of this suit, it being shown that appellant continued in possession and no re-entry was made by appellee. This was error. Smith v. Wunderlich et al., 70 Ill. 426. The judgment must be reversed and the cause remanded.

*Reversed and remanded.*

GARNETT, J., took no part in the consideration of this case.