## Robert L. Greenlee et al.
### v.
## Abraham Goldstein.

*Trespass* Quare Clausum—*Damages.*

Where plaintiff, in an action of trespass *quare clausum*, has never regained possession of the land in controversy, he can recover damages only for the entry or entries.   Harding v. Sandy, 43 Ill. App. 442, followed.

[Opinion filed February 9, 1892.]

Appeal from the Circuit Court of Cook County; the Hon. S. P. McConnell, Judge, presiding.

Mr. H. W. Magee, for appellants.

Messrs. LYNDEN EVANS and FREDERICK ARND, for appellee·

GARY, J.  This was an action of trespass *quare clausum* by the appellee against two of the appellants, named Greenlee, and two named Wells.  There was a verdict against the Greenlees, and no verdict for or against the Wellses.  The appellee, then, against their objection, dismissed as to them. They did not except, but joined in a motion for a new trial, and in this appeal insist upon that action as irregular.  If the case of Wilderman v. Sandusky, 15 Ill. 59, shall be adhered to, they have no cause of complaint.  The verdict and judgment against the Greenlees is a bar for the Wellses.

The case is one of boundary between lots.  The evidence tends to show that the Greenlees erected a building upon the lot to which they had title, but in so doing took in some ground which the appellee was occupying under a deed to the adjoining lot.  If, by lapse of time, that occupation had ripened into a title, the jury was the tribunal to find the fact. It could not be assumed by the court to be the fact.  The excessive damages, $1,000, would be ground for reversal of this judgment, if there were no other error.  The appellee has never regained possession of the strip in controversy, and can, therefore, in any event, have damages only for the entry or entries.  C. & W. I. R. R. Co. v. Slee, 33 Ill. App. 416, 420, two cases.  If there were entries at different times between which appellee regained possession, he might, in one action, with a *continuando*, have redress for all.  2 Waterman, Trespass, Sec. 929.  There seems to be a flood of cases recently relying upon Reeder v. Purdy, 41 Ill. 279.  In this case we will only refer to what we said about that in Harding v. Sandy, 43 Ill. App. 442.  For the appellee here the same instruction in substance which we, in Harding v. Sandy, held to be error, was given, and we adhere to that decision.

The judgment against the Greenlees only is reversed and the cause remanded.  No order as to the Wellses is necessary, as they are out of the case.

*Reversed and remanded.*