## Overman & Cook v. Consolidated Coal Co.

51   289
50   687
51   289
54   233

1.   EXCEPTIONS—*When To Be Taken.*—Where no exception is taken to the action of the court in directing the jury to find for the plaintiff, however improper such action may have been, the appellant can not first raise the question in this court.

2.   RECORD—*Stipulation as to Bill of Exceptions.*—Where, in a stipulation between the counsel for the parties, entitled in the cause in the Circuit Court, it was agreed " that the original bill of exceptions may be included and incorporated in the record of this case, without being copied therein," *it was held* that it required no stipulation to make the bill of exceptions a part of the record in the Circuit Court; it became such as soon as signed by the judge and filed.   It was not a stipulation that the original bill of exceptions, instead of a copy, might be incorporated into the transcript of the record for this court.

**Memorandum.**—Assumpsit.   Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding.   Heard in this court at the October term, 1893, and affirmed.   Opinion filed January 11, 1894.

The statement of facts is contained in the opinion of the court.

REED, BROWN & ALLEN, attorneys for appellants.

CHARLES W. THOMAS and COLLINS, GOODRICH, DARROW & VINCENT, attorneys for appellee.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

On the trial of this cause in the Circuit Court, a verdict and judgment were rendered for the appellee against the appellants, in the sum of $1,139,92.

In argument, the appellants contend that the evidence was not sufficient to support the verdict, and was clearly insufficient to warrant the court in directing the jury to find for the plaintiff, appellee.

It is not contended that any exception was taken to the action of the court in directing the jury to find as was done, and however improper such action was, the appellant can not first raise the question in this court. Whatever our conclusion might be upon a review of the evidence, as to its sufficiency to sustain the verdict and judgment, we are not at liberty to examine.

By a stipulation between the counsel for the parties, entitled in the cause in the Circuit Court, it was agreed " that the original bill of exceptions may be included and incorporated in the record of this case, without being copied therein."

It required no stipulation to make the bill of exceptions a part of the record in the Circuit Court; it became such as soon as signed by the judge and filed. There was no stipulation that the original bill of exceptions, instead of a copy, might be incorporated into the transcript of the record for this court. The statute upon the subject does not permit us to regard what is shown, alone, by a paper so attempted to be stipulated into the record of this court. Schwartz v. Kalovski (No. 4,896 this term), and cases there referred to. The judgment of the Circuit Court will be affirmed.