## Turn Verein Garfield v. Henry Vocke.

### Gen. No. 12,919.

1.  PEREMPTORY INSTRUCTION—*when giving of, not subject to review.* The action of the court in giving a peremptory instruction is not subject to review where neither the records or abstract shows the preservation of an exception to the giving of such instruction.

2.  LANDLORD AND TENANT—*right of former to retake possession of demised premises.* A landlord is entitled to retake possession of demised premises, removing therefrom the effects of a subtenant, where it appears that the lessee had become bankrupt and that his trustee had surrendered the lease.

Action in trespass. Appeal from the Circuit Court of Cook county; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1906. Affirmed. Opinion filed February 19, 1907.

CHRISTIAN MEIER and PAUL C. MEIER, for appellant.

WILLIAM VOCKE and FRANK L. HUME, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

Appellee Vocke was the owner of certain premises in Chicago known as Garfield Turner Hall. Carl Rosenow was Vocke's tenant under a written lease permitting him to sub-let. Rosenow rented parts of the building to appellant, an organization for the promotion of physical culture and the instruction of children therein. While appellant was a subtenant, Rosenow filed a voluntary petition in bankruptcy and the receiver of his estate surrendered the lease and delivered the keys of the building to appellee. Appellant then proposed to appellee to rent from him the entire building. Appellee made no reply to this proposition. Several months later, without notice or demand, appellee removed some of the effects of appellant to a warehouse and took possession of the premises. Appellant brought this action in trespass for damages and secured

a writ of attachment in aid. At the close of the evidence the court instructed the jury to find the defendant not guilty and to find the attachment issue for the defendant.

The error relied upon chiefly by appellant in argument is the instruction given by the court to the jury to return a verdict for the defendant. The abstract and record show no objection made or exception taken to the instruction. No rulings of the court to which exceptions have not been preserved can be reviewed on appeal. This question then cannot be considered by this court. Dunham Towing & Wrecking Co. v. Dandelin, 143 Ill. 409-413; Pioneer Construction ,Co. v. Hansen, 176 id. 100-107; Overman & Cook v. Consolidated Coal Co., 51 Ill. App. 289.

As we view the argument of appellant the above question is the only one argued. But giving appellant the benefit of the doubt on that point, we have considered the case upon the merits as shown by the evidence in the record.

The evidence shows without controversy that the Rosenow lease provided that upon the ending of the term the tenant agreed to surrender and deliver up demised premises, and that the landlord, upon the ending of the term, might re-enter and take possession of the premises with or without process of law, and expel or remove the tenant or any other persons occupying them, using such force as may be necessary in so doing, and repossess and enjoy the premises as he held them before the lease.

The receiver of Rosenow's estate in bankruptcy surrendered the lease and appellee accepted the surrender. This terminated the lease and the term thereby conveyed. Appellee was then entitled to the possession. Appellant's possession was under and subject to the terms of the lease. As between appellant and appellee the latter had the right at law and by the terms of the lease to retake possession of his premises, provided

he did so in a peaceable manner and with no unnecessary force. Fort Dearborn Lodge v. Klein, 115 Ill. 177; Ryan v. Sun Sing Chow Poy, 164 *id.* 259; Brooke v. O'Boyle, 27 Ill. App. 384; Ostatag v. Taylor, 44 *id.* 469; Mueller v. Kuhn, 46 *id.* 496; Mead v. Pollock, 99 *id.* 154.

The evidence does not show, and it is not claimed in argument that appellee acted in taking possession with force and violence, or that he used any more force than was necessary. We find no ground in the record for disturbing the verdict and judgment, and the judgment is affirmed.

*Affirmed.*