Swain et al. v. Mehl, 200 Ill. App. 496.

## David M. Swain and Verne Swain, Appellees, v. Herman F. Mehl, Appellant.

### Gen. No. 6,274.

**1.  JUSTICES OF THE PEACE, § 97\***—*when statements of counsel substitutes for pleadings.*  Where, on the trial of a case in a justice's court, counsel for the plaintiffs stated to the jury that the plaintiffs had to prove that the act of the defendant, upon which the action was based, was negligently and wilfully done, and the defendant's counsel said that the defendant was not guilty in manner and form charged, and the court said that he had had the reporter take down the opening statements, and they took the place of the pleadings, *held* that the plaintiffs, in order to recover, had to prove wilfulness, and that the defendant was only required to defend that charge.

**2.  DAMAGES, § 190\***—*when evidence insufficient to sustain verdict.*  Where, in an action for the negligent destruction of piling, there was no evidence what such piling was worth, and no evidence that new piling, put in by the plaintiffs in place of the old, was of the same or similar character as the old, and no evidence what such new piling was reasonably worth, *held* that a verdict, based on the amount of the bill paid by the plaintiffs for such new piling, could not be sustained.

**3.  DAMAGES, § 50\***—*what not measure for destruction of property.*  Where property has been destroyed by the defendant and replaced by the plaintiffs, the rule as to the measure of damages where property is injured by the defendant and repaired by the plaintiffs does not apply.

**4.  INSTRUCTIONS, § 135\***—*when necessary that request for be made.*  Where a party requests no instructions as to the measure of damages, he cannot complain of the failure of the court to give any.

**5.  TORTS, § 12\***—*when person liable for destruction of piles in navigable stream.*  Though piles are maintained in a navigable stream in violation of law, it does not follow that one wrongfully destroying them incurs no liability to the one who drove and maintained them.

**6.  APPEAL AND ERROR, § 1035\***—*when errors not reviewed.*  Rulings of the trial court, on which no errors have been assigned on appeal, are not before the reviewing court.

*\*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.*

Swain et al. v. Mehl, 200 Ill. App. 496.

Appeal from the Circuit Court of Marshall county; the Hon. THEO-
DORE N. GREEN, Judge, presiding. Heard in this court at the April
term, 1916. Reversed and remanded. Opinion filed August 10, 1916.

B. W. WRIGHT and QUINN & QUINN, for appellant;
FRANK J. QUINN and JOHN E. DOUGHERTY, of counsel.

BARNES & MAGOON, for appellees; WALLACE J. BLACK,
of counsel.

MR. JUSTICE CARNES delivered the opinion of the
court.

David M. Swain and Verne Swain, the appellees,
about 1891, drove a cluster of seven or eight wooden
piles in the Illinois River (a navigable stream) at
Lacon, Illinois, for an aid in landing boats. The orig-
inal piling stayed there seven or eight years. The life
of a pile is said to be about ten years. Appellees re-
placed piles as they became useless from time to time
from 1891 to 1914. They were used by appellees and
other boatmen and were apparently an aid to navi-
gation. In 1914 appellant's boat collided with and
broke them down. Appellees caused other piling to
be driven in their place, whether similar or different
does not appear, and paid for the material and labor
a bill of $92.40. They brought this suit before a
justice of the peace to recover said amount, and judg-
ment for the defendant was there rendered. On appeal
in the Circuit Court evidence was introduced by the
plaintiffs only. The court denied the defendant's mo-
tion for a directed verdict and the jury rendered a
verdict for said sum of $92.40, on which judgment
was entered, from which this appeal is taken.

Appellees' counsel in his opening statement to the
jury said: "We have to prove that it was negligently
done and that it was wilfully done." The defendant's
counsel said he, the defendant, was not guilty in man-
ner and form complained of against him. The court

said: "I have had the reporter take down the opening statements, and it takes place of the pleadings." While this did not constitute a statement of the plaintiffs' demand under section 19 of our Justices Act (J. & A. ¶ 6915), and while opening statements of counsel are not ordinarily to be taken in the place of pleadings, still we think under the facts above stated we should assume that the plaintiffs undertook to prove a wilful destruction of the piling, and for the purposes of the trial the defendant was only required to defend that charge. There is no evidence to support a finding of wilful conduct. Appellees in their statement here of what they have proved only claim negligence in the operation of appellant's boat. Wilfulness is something quite different from negligence.

There is no evidence showing what the piling that was destroyed was worth, and, as we have said before, no evidence that the new piling was of the same or similar character. There is no evidence that it was reasonably worth $92.40 to procure and place this new piling. Even if the measure of damages was the cost of replacement, for the reasons above given the evidence would not support the verdict based on the amount of the bill paid. Appellees cite the decision of this court in *Crossen v. Chicago & J. Elec. Ry. Co.*, 158 Ill. App. 42, holding: "When personal property has been injured by the negligence of another and can be repaired, the proper measure of damages is the cost of the repairs and the value of the loss of the use of it while it is being repaired." That rule was announced on the authority of *FitzSimons & Connell Co. v. Braum*, 199 Ill. 390, and is the law. But the court added: "If the property could not be repaired, then the measure would be the difference between the market value of the property before the injury and the value of the wreckage." In the present case the property was not repaired, it was replaced, and there-

fore was not within the rule announced in the above cited cases as to repairing damaged property. If it was, the evidence that appellees had paid a certain bill without any evidence whatever to show the character of the work or the resonableness of the bill, or whether it was a usual and customary charge, is hardly sufficient to support a verdict for the amount of the bill. The only Illinois case we know of indicating that the amount paid might be taken as a basis of recovery is *Travis v. Pierson,* 43 Ill. App. 579. We noticed that holding in *Chicago Great Western R. Co. v. American McKenna Process Co.,* 200 Ill. App. 166, and expressed a doubt whether the rule could be taken as one of general application. For the reasons above indicated the judgment must be reversed.

For the purposes of another trial we should say that appellant urges here that it was error to submit the case to the jury with no instructions as to the measure of damages, and cites a decision of this court in *Comstock v. Price,* 103 Ill. App. 19, holding that instructions which do not state the rules of law upon which plaintiffs' damages are to be assessed but leave the jury to judge what were the proper elements of damage and open before them the field of speculation and conjecture are erroneous. That was said with reference to an instruction as to the measure of damages that did not correctly inform the jury on what basis they should act. Nothing in that case affords any ground for a claim that the court should, of his own motion, have instructed the jury as to the measure of damages. The authorities are too numerous in this State to require citation that the trial court is under no duty, of his own motion, to instruct the jury as to any matter of law involved in the case. In the present case there was no instruction given for the plaintiffs except as to the form of verdict. The defendant offered no instruction on the measure of damages, therefore there was no error in this respect.

There is a Federal statute referred to in *Cobb v. Lincoln Park Com'rs,* 202 Ill. 427, 437, which may be found in Federal Annotated Statutes, vol. 6, sec. 10, p. 813 (Rivers, Harbors and Canals), making it a penal offense to build any pier in any navigable river or other water of the United States outside of established harbor lines, or where no harbor lines have been established except on plans recommended by the chief of engineers and authorized by the secretary of war. The record does not affirmatively show that the new piers were driven in violation of that statute. If they were, it hardly seems possible a recovery could be permitted for an amount expended in doing an illegal act. If the piling broken were maintained there in violation of this statute, we do not presume that that of itself would exonerate a defendant charged with destruction of property. While it is true, as held in *Marcy v. Taylor,* 19 Ill. 634, that a person may remove a fence erected across a highway without being guilty of a trespass, it does not follow that no liability was incurred by appellant if he wrongfully destroyed the piers in question, even though they were maintained there in violation of law. (*Bayley v. Nichols,* 263 Ill. 116.)

Appellees say that the court erred in not permitting proof of a similar act by appellant at another time and place, and argue that it was competent as tending to show wilfulness. No cross error is assigned, therefore that question is not before us. The judgment is reversed and the cause remanded.

*Reversed and remanded.*