## James J. Probasco, Appellee, v. Crane Company, Appellant.

### Gen. No. 30,220.

1. EVIDENCE—*admissions against interest.* In action for injury to automobile in collision on street, it was error to exclude a statement made by plaintiff immediately after the accident to the effect that he had become confused by lights and traffic and did not see defendant's truck until he ran right into it, being an admission against interest.

2. DAMAGES—*proof by itemized bill.* In action for injury to automobile in collision, itemized bill of garage making repairs was not admissible, as proof of the amount of damages, in the absence of other evidence to show that the labor and material specified were necessary to put the car in the same condition that it was

immediately before the collision and that the same were actually furnished and that the charges made therefor were reasonable or the usual and customary charges.

Appeal by defendant from the Municipal Court of Chicago; the Hon. M. D. HARTIGAN, Judge, presiding. Heard in the second division of this court for the first district at the March term, 1925. Reversed and remanded. Opinion filed October 6, 1925. Rehearing denied October 19, 1925.

ALDEN, LATHAM & YOUNG, for appellant; CHARLES MARTIN, of counsel.

WILLIAM L. HART, for appellee; WILLIAM L. HART and JOSEPH P. BRODIE, of counsel.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

In an action for damages to plaintiff's automobile, caused by its collision with defendant's motor truck on the evening of November 18, 1922, on Randolph street near Desplaines street, Chicago, the court found defendant guilty and assessed plaintiff's damages at $85.10, and entered judgment against defendant in that amount. This appeal followed.

As to the details of the accident plaintiff, driving his Ford sedan car (which had been in use for about a year and a half) west on the north side of Randolph street near Desplaines street, was the only witness testifying in his behalf, and defendant's driver of the truck was the only eyewitness who testified for it. Each claimed that the other's negligence was the cause of the collision. The district is a closely built-up business portion of the city and there was considerable traffic on the street. Plaintiff testified that, as his car was moving west at a speed of about 20 miles per hour, defendant's truck "pulled" across the street car tracks and its right front wheel struck the front part of his car, damaging it. Defendant's driver testified that the truck, with its front lights burning, had been moving east at a slow speed on the south side

Probasco v. Crane Co., 238 Ill. App. 287.

of Randolph street; that he had just turned it to the northeast, intending to enter an alley on the north side of the street, when he noticed plaintiff's car approaching from the east; that he stopped the truck, then facing northeast and with its front parts partially between the two rails of the north street car track, but plaintiff's car continued to advance and, swinging towards the southwest, collided with a front part of the truck; and that after the collision plaintiff, informing the witness that he desired to telephone a party to come and haul away his car, went into the nearby office of defendant.

Inasmuch as we have reached the conclusion that the judgment should be reversed and the cause remanded for a new trial on account of errors of the trial court (1) in striking from the record and refusing to consider certain testimony given by defendant's witnesses, Mulhearn and Quinlan, and (2) in admitting in evidence, over objection, a certain bill for repairs rendered plaintiff by Lloyd-Shanesy Co., dated November 23, 1922, and aggregating $85.10, we refrain from commenting upon the merits of the case.

The excluded testimony of defendant's employees, Mulhearn and Quinlan, was to the effect that plaintiff entered defendant's office shortly after the collision, and had a conversation with them regarding it, during which he stated that he had become confused by the lights and the traffic on the street, and did not see defendant's truck until he ran right into it. We think that this testimony as to the alleged conversation should not have been excluded, as it was competent evidence of an admission by plaintiff against his interest, bearing upon the question of his negligence at and before the time of the collision.

During the trial plaintiff testified as to the damage to his car, that "the frame was bent and the axle broke, and the front spring and fender were broke; * * * the car was repaired by Lloyd-Shanesy Co.

They rendered me a bill for services amounting to $85.10, which I paid," Thereupon plaintiff offered in evidence an itemized bill of said Lloyd-Shanesy Co. for certain repairs, of which the items for labor aggregated $39.25, and the items for materials $45.85, and the same was admitted in evidence, over defendant's objection, although plaintiff made no attempt during the trial to show by competent testimony that the labor and materials specified were necessary in order to put his car in the same condition as it was immediately before the collision, or that the same were actually furnished, or that the charges made therefor were reasonable or the usual and customary charges. In Berry on Automobiles (4th Ed.), p. 974, sec. 1090, it is said: "A receipted bill for repairs to the automobile in question is not competent evidence of damages. It neither proves the reasonable value of the repairs, their necessity, nor that the time consumed in making them was reasonable." (See also, *Swain v. Mehl.* 200 Ill. App. 496, 499; *Coyne v. Cleveland, C., C. & St. L. Ry. Co.,* 208 Ill. App. 425, 427-28; *Conrad Co. v. St. Paul City Ry. Co.,* 130 Minn. 128, 130.) The rule is the same where a recovery is sought for expenditures made for medical services in an action for injuries to the person. (*Amann v. Chicago Consol. Traction Co.,* 243 Ill. 263, 266.) To sustain the ruling of the trial court, plaintiff's counsel rely on the decision in *Cloyes v. Plaatje,* 231 Ill. App. 183, but in that case, as appears from the opinion (pp. 190-91), the evidence showed that the damaged automobile was taken to a garage engaged in the business of repairing automobiles and was there repaired in the ordinary course of business; that the repairs made were those required as a result of the collision; and that the proprietor of the garage testified as to what necessary materials were used and as to the number of hours his men were engaged in making the repairs, as evidenced by time cards written on by the men. Such evidence is lacking in the present case.

For the errors indicated the judgment of the municipal court is reversed and the cause is remanded for a new trial.

*Reversed and remanded.*

BARNES, P. J., and FITCH, J., concur.